#### Mary P. Lipman *vs.* Leopold P. Lustig.

Middlesex. May 7, 1963. — June 3, 1963.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Reardon, JJ.

*Negligence,* Dentist. *Evidence,* Opinion: expert.

Notwithstanding the absence of expert opinion testimony, evidence in an action against a dentist that, while treating the plaintiff, he dropped into her throat a dental instrument known as a reamer, resembling a needle set in a base, which she swallowed and which had to be removed from her stomach by surgery, warranted findings that the defendant was negligent and was liable to the plaintiff.

Contract and tort. Writ in the Superior Court dated September 3, 1959.

The action was tried before *Gourdin,* J.

*John A. McNiff* for the plaintiff.

*David W. Kelley* for the defendant.

KIRK, J.   In this action of contract and tort the plaintiff alleges in each of the two counts that the defendant dentist negligently dropped a dental instrument, known as a reamer, into her throat in the course of treatment; that she swallowed it; and that abdominal surgery was required to remove it.   The case comes to us on the plaintiff's exceptions to the allowance of the defendant's motion for directed verdicts and to rulings as to evidence.

It is unnecessary to state the evidence as to each of the theories of negligence advanced by the plaintiff.   It is sufficient for present purposes to summarize the essentially uncontroverted evidence on one theory of negligence.   The defendant, a dentist practising in Boston, had done extensive dental work for the plaintiff commencing six months prior to January 23, 1959, the date of the injury.   In October, 1958, he had referred her to a specialist for a gingivectomy.   On January 16, 1959, he resumed work on her teeth.   On January 23, 1959, he began "root canal work."   The latter required the use of certain instruments known as reamers and barbed broaches which the defendant "manipulated" with his fingers.   Novocain had been administered to the plaintiff.   She was in a semireclining position in the chair.   Her mouth was open; two rolls of cotton were on each side of the tooth he was working on; the saliva suction device in her mouth was in operation; her mouth was dry.   Then the plaintiff felt something in her throat.   It gagged her, and she swallowed.   The defendant said, "I dropped something."   He left the room and closed the door.   Upon his return he said that there was no reason for concern, that he had called a doctor friend who advised that the plaintiff eat roughage that evening and "it" would pass through.   The defendant did not describe or name what he had dropped into her throat.   That evening at the insistence of friends, the plaintiff had X-rays taken at the Massachusetts General Hospital.   The X-rays revealed a well outlined foreign body "lying in the stomach in the region of the pyloris . . . resembling a needle, complete with hub." Immediate surgery was advised because the foreign body, by virtue of its length and configuration, probably would

not pass without perforation. The surgery was performed later in the evening at a Brookline hospital. The foreign body proved to be a reamer. It is before us as an exhibit. The overall length is slightly more than one and one-half inches. Of the overall length the needle part is a trifle more than one inch long, of which more than half is spiraled toward the point. The remainder of the overall length is the hub, or base cylindrical part, in which the needle is inserted. The hub is scarcely less than one-eighth of an inch in diameter.

The basis of the judge's order directing verdicts for the defendant was, as disclosed by his comment to the jury, the absence of expert opinion testimony as to the professional standards observed in the community. We think that expert opinion testimony was not necessary on the issue of negligence presented by the evidence narrated. We think, rather, that in these circumstances the jury were competent from their own common knowledge and experience, unaided by expert opinion testimony, to pass upon the question of the defendant's negligence. The case falls within the class of cases illustrated by *Toy* v. *Mackintosh,* 222 Mass. 430, 431, and more recently, by *Malone* v. *Bianchi,* 318 Mass. 179, and cases cited. The evidence in the instant case favors the plaintiff more strongly than did the evidence in the latter case. There the substance swallowed was a fragment of the plaintiff's own tooth. Here the foreign body was a dental instrument used professionally by the defendant in the plaintiff's mouth. The circumstance that gas or ether was administered in the one case, and novocain in the other, does not, as the defendant contends it should, affect the result. The evidence is sufficient to support a finding that an operation was a reasonable measure to remedy the damage caused by the defendant's negligence in dropping the reamer down the plaintiff's throat.

It is unnecessary to discuss the exceptions to the rulings on evidence.

*Exceptions sustained.*