LENORA REGULA & another *vs.* JOEL B. BETTIGOLE. September 15, 1981. This action for medical malpractice resulted in a verdict for the plaintiffs when it was allowed to go to the jury over the defendant's objection. The female plaintiff had undergone a laparoscopic tubal ligation while anesthetized and in the process had suffered a burn on the outside of her right leg slightly above the knee. The ligation was effected through cauterization by means of an electrical current applied to a section of tube. The current was completed through a rounded metal plate which was made to fit around the patient's thigh. If the plate was not properly applied, so that it did not diffuse the current over a large enough area of the patient's skin, a burn would result. The defendant, an obstetrician-gynecologist, who had performed the operation hundreds of times before and after the one at issue without untoward results, testified that he had checked the positioning of the metal plate before applying the current and that it had been properly applied by the nurse. The defendant theorized that the burn may have been caused by a defect in the metal plate, perhaps at the point where the cord carrying the current connected to the

plate; it was under that connection, the defendant testified, that the burn, roughly one by two centimeters, had occurred. The plate itself was not available for inspection; the defendant testified that he had discarded it after the operation, replacing it with a new one. While the question is a close one, we think that the jury could properly draw the inference on all the evidence that the cause of the burn was more likely than not the improper application of the metal plate to the thigh. The jury could decline to accept the defendant's testimony that he had inspected the manner in which the plate had been applied to the thigh. The evidence strongly suggested that there was no defect in the electrical connection to the plate, the defendant himself testifying that a failure in the connection would cause the current not to flow; and by common experience, a short circuit seems to have been precluded by the fact that the tube was cauterized successfully. The jury could also decline to accept the doctor's theory that there may have been a defect in the plate, which, so far as appears from the evidence, was an uncomplicated piece of metal, shaped to fit a thigh, with a receptacle for the connection to electric current. Indeed, they could decline to accept the defendant's testimony that he had replaced the metal plate with another, or if they accepted that testimony, could take into account in assessing the likelihood of the doctor's theory the fact that his disposal of the plate had made it difficult to verify either way. On all the evidence the jury could conclude that the most likely explanation was that the plate failed to make proper contact with the female plaintiff's skin. The defendant was in control of the machinery, the operating room and the personnel who assisted in the procedure, and the jury could thus draw the inference that the burn would not have occurred without his personal negligence or the negligence of those assisting under his direction and control. We think that the case falls within the class of cases illustrated by *Malone* v. *Bianchi*, 318 Mass. 179 (1945), *Woronka* v. *Sewall*, 320 Mass. 362 (1946), and *Lipman* v. *Lustig*, 346 Mass. 182 (1963), rather than such cases as *Semerjian* v. *Stetson*, 284 Mass. 510 (1933). Compare, for factually related cases, *Wiles* v. *Myerly*, 210 N.W.2d 619 (Iowa 1973); *Jones* v. *Tri-State Tel. & Tel. Co.*, 118 Minn. 217 (1912); *Jensen* v. *Linner*, 260 Minn. 22 (1961). See 2 Louisell & Williams, Medical Malpractice par. 14.06, pp. 439-441, par. 14.07, pp. 445-446, 449-450 (1977). Neither party has argued, and we do not reach, the question whether a directed verdict for the defendant would have been improper in any event due to the introduction in evidence of the decision of a medical malpractice tribunal favorable to the plaintiffs. See the last sentence of G. L. c. 231, § 60B, fifth par. ("The . . . decision of the tribunal shall be admissible as evidence at a trial"), as appearing in St. 1975, c. 362, § 5.

*Judgment affirmed.*

*John J. McCarthy* for the defendant.

*Eugene J. Mulcahy* (*H. Gregory Williams & Eugene A. Nannini* with him) for the plaintiffs.