# RESCRIPT OPINIONS.

CORNELIUS WARD *vs.* MARTIN A. LEVY & another.[1] No. 87-1064. February 28, 1989. *Negligence,* Dentist, Medical malpractice. *Evidence,* Expert opinion.

A medical malpractice tribunal found for the defendants on the plaintiff's claim of negligent dental treatment in the extraction of a tooth. The plaintiff failed to file the required bond, and the action was, therefore, dismissed. See G. L. c. 231, § 60B. See *McMahon* v. *Glixman,* 379 Mass. 60, 63-64 (1979).

It is now well established that the adequacy of a plaintiff's offer of proof before a malpractice tribunal is to be measured by the standard used in ruling on a defendant's motion for a directed verdict. See *DiGiovanni* v. *Latimer,* 390 Mass. 265, 268-269 (1983), and cases cited. Here, the plaintiff's offer of proof will prevail under that standard if (1) a dentist-patient relationship is shown, (2) there is evidence that the dentist's performance did not conform to good dental practice, and (3) damage resulted. See *Kapp* v. *Ballantine,* 380 Mass. 186, 193 (1980).

There is no dispute that a dentist-patient relationship existed. The only question presented by the plaintiff's appeal is whether the plaintiff made a sufficient showing that the defendant Unger negligently caused physical injury to the plaintiff in the course of extracting his tooth. At the heart of the issue is the failure of the plaintiff to offer any expert opinion that Unger's conduct did not conform to good dental practice.

The plaintiff's offer of proof comprised his own affidavit, a photograph of part of the plaintiff's face, the defendants' patient records concerning the plaintiff, and a letter and related documents from a surgeon who treated the plaintiff for a facial injury. We summarize the offered evidence in the light most favorable to the plaintiff.

On January 7, 1986, the plaintiff visited the offices of the defendants, with whom he had had no prior contact, complaining of a toothache which had begun at work. After consultation, the defendant Unger anesthetized the plaintiff's mouth with what the plaintiff believed was novocaine. The mouth numbed, and Unger extracted a lower left rear tooth. During the process, Unger was "pulling" on the left side of the plaintiff's mouth where he was injured. After the extraction, Unger told the plaintiff that his lips were chapped and bleeding and that he should put vaseline on them. When the plaintiff returned to the car of a coworker who had driven the plaintiff to

---

[1] William Unger.

the defendants' offices, the co-worker said: "What happened to you, there is blood running all over your cheek." The plaintiff looked in the car mirror and thought the blood was from chapped lips. On the plaintiff's return to his place of work, he wiped away the blood and noticed he had a wound which is fairly represented by a color photograph taken on the next day. The photograph shows what was later described by a surgeon as an abrasive type lesion, extending from the left lower lip to the cheek, about three centimeters in length. About a week and one-half after the incident, the injury was treated with antibiotics and rinses and, after a month, the wound healed. A prominent scar was left, however, and surgery was recommended to ameliorate this condition. The scar resulted partially because of the type of wound but also because black people have a propensity to form keloid tissue.

We must determine whether this evidence and reasonable inferences therefrom present an "exceptional case" where "a jury instructed by common knowledge may without the aid of expert [dental] opinion determine whether the conduct of a [dentist] toward a patient is violative of the special duty which the law imposes as a consequence of this particular relationship." *Forlano* v. *Hughes*, 393 Mass. 502, 507 (1984), quoting from *Haggerty* v. *McCarthy*, 344 Mass. 136, 139 (1962). See *Malone* v. *Bianchi*, 318 Mass. 179, 181-182 (1945). We hold that the plaintiff's offer does not establish the exception.

The evidence would warrant an inference that the plaintiff's injury had been incurred during the course of extraction of his tooth. There is, however, insufficient evidence to support an inference that the harm was caused by the negligence of Unger. There is no evidence of the condition of the tooth, the degree of difficulty of the extraction, or of the effects of use of the dental tool or tools necessary or proper for the purpose. There is no evidence of the possible relationship between chapped lips (which the photograph suggests that the plaintiff had and which he seems to acknowledge) and the occurrence or the extent of the injury the plaintiff suffered. As to these matters, in the posture of the case which the plaintiff presented by his offer of proof, a jury would not be sufficiently instructed by common knowledge or experience but would be left to conjecture. See *Murphy* v. *Conway*, 360 Mass. 746, 749 (1972). In these circumstances, it was incumbent on the plaintiff to offer expert opinion on the appropriate dental practice in treating the plaintiff in the condition which he presented on the date of the injury. See and compare *Semerjian* v. *Stetson*, 284 Mass. 510 (1933) (The mere fact that pain, inflammation and an ulcer followed the placing of an unidentified liquid in the plaintiff's eye did not warrant an inference of negligence without expert testimony.); *Klucken* v. *Levi*, 293 Mass. 545 (1936) (Evidence that ether entered the plaintiff's eye during operation would not support an inference of negligence of the anesthetist without expert testimony.); *Borysewicz* v. *Dineen*, 302 Mass. 461 (1939) (A finding of negligence was not warranted in the absence of expert testimony that anything

the dentist did or did not do following the breaking of a tooth in an attempted extraction caused the plaintiff's injuries.); *Langis* v. *Danforth*, 308 Mass. 508 (1941) (Expert testimony on the proper care of a patient to whom nitrous oxide had been administered would have been necessary but for the fact that the dentist by his own testimony provided the evidence.); with *Toy* v. *Mackintosh*, 222 Mass. 430, 431 (1916) (Jury were competent to determine, without the aid of expert testimony, whether a dentist was negligent in allowing an unconscious plaintiff to inhale a tooth during an operation for the extraction of several teeth.); *Malone* v. *Bianchi*, 318 Mass. at 180-182 (A jury, on the basis of common knowledge and experience, could determine whether a dentist was negligent in allowing the plaintiff's tooth to become lodged in her bronchus during the course of multiple extractions under anesthesia.); *Lipman* v. *Lustig*, 346 Mass. 182 (1963) (Unaided by expert testimony, a jury were warranted in finding negligence on the part of a dentist who dropped in the plaintiff's throat a reamer which was later surgically removed from her stomach.).

*Judgment affirmed.*

The case was submitted on briefs.
*Arthur E. Levine & Aviva Bassri* for the plaintiff.
*Timothy E. Sterritt & Paul S. Cantor* for the defendants.