DEVON SERVICES, INC., & others[1] *vs.* MARY K. WELLMAN. July 18, 2000. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Devon Services, Inc., George W. Beard, and Thomas Myers appeal from the judgment of a single justice of this court denying, without a hearing, their petition for relief under G. L. c. 211, § 3. We affirm.

The only issue properly before us is whether the single justice committed an error of law or abused his discretion in denying relief under G. L. c. 211, § 3. In their brief, the petitioners have failed to present adequate appellate argument on this discrete issue. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Moreover, on this record, there is an insufficient basis for us to conclude, as the petitioners argue, that the single justice erred in his decision. To the extent that the petitioners have argued in sweeping terms that certain Appeals Court Justices were somehow biased against them, the record does not support their contention. In any event, such a claim could have been adequately addressed in the Appeals Court or on further appellate review, and not by way of a petition under G. L. c. 211, § 3. As discussed below, the petitioners did not file an application for further appellate review in accordance with Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998). The single justice was warranted in denying the requested relief. See *Pandey* v. *Ware Div. of the Dist. Court Dep't,* 412 Mass. 1002, 1003 (1992); *Fogarty* v. *Commonwealth,* 406 Mass. 103, 106-107 (1989).

The petitioners also seek to expand the scope of this appeal to include review of an adverse ruling in the Superior Court, which had denied their request to vacate certain default judgments that had been entered against them. The petitioners, however, have already had review of their assignments of error in the Appeals Court in the ordinary course. See *Wellman* v. *Beard,* 48 Mass. App. Ct. 1101 (1999). Although the petitioners could have sought further appellate review of their claims, they elected not to do so. Having chosen not to pursue that avenue of relief, they cannot now, in the guise of their G. L. c. 211, § 3, appeal, seek review of the Appeals Court's decision. See *Lanoue* v. *Commonwealth,* 427 Mass. 1014, 1015 (1998). It is well settled that relief under G. L. c. 211, § 3, is "extraordinary" and is not available to a party who can raise a claim in the normal course of an appeal. *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986). "Relief under G. L. c. 211, § 3, is not available where the [petitioners] [have] or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Hicks* v. *Commissioner of Correction,* 425 Mass. 1014, 1014-1015 (1997), and cases cited therein. See *Lanoue* v. *Commonwealth, supra.* The petitioners' failure to follow the proper appellate route cannot be excused simply because they were appearing pro se. *Id.* "The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.' " *International Fid. Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983), quoting from *Faretta* v. *California,* 422 U.S. 806, 834-835 n.46 (1975).

The judgment entered in the county court denying the petition for relief is affirmed. Also, as ordered by the single justice, neither the clerk of the county court nor the clerk of this court for the Commonwealth shall accept any

---

[1]George W. Beard and Thomas Myers.

further filings from the petitioners respecting this matter, without the prior approval of at least four Justices of this court.

*So ordered.*

*George W. Beard*, pro se.

*Martin F. Gaynor* for the defendant.