COMMONWEALTH *vs.* DEBORAH O'NEIL. April 10, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

A single justice of this court denied a petition filed by the Commonwealth pursuant to G. L. c. 211, § 3. The Commonwealth appeals. We affirm.

The Commonwealth, aggrieved by the Appeals Court's decision in *Commonwealth* v. *O'Neil,* 51 Mass. App. Ct. 170 (2001), filed an application for

further appellate review,[1] a motion in the Appeals Court seeking leave to file a late petition for rehearing, and a petition in the county court pursuant to G. L. c. 211, § 3. The Commonwealth maintains that the Appeals Court erred in ordering a new trial on the record before it, and instead should have remanded the case for an evidentiary hearing and development of a factual record on the defendant's claims of ineffective assistance of counsel and prosecutorial misconduct. The Commonwealth requested in its c. 211, § 3, petition that the single justice "vacate the Appeals Court decision and remand[] the case to the Superior Court for an evidentiary hearing on the claims . . . as if they had been raised in the first instance by a new trial motion under Mass. R. Crim. P. 30," as amended, 420 Mass. 1502 (1995).

The Appeals Court denied the motion to file a late rehearing petition, and, as indicated above, a single justice of this court denied the petition pursuant to G. L. c. 211, § 3. Action on the further appellate review application has been stayed, at the Commonwealth's request, pending disposition of this appeal.

The single justice correctly denied the petition because the Commonwealth failed to meet its burden, as a petitioner, of demonstrating the absence or inadequacy of alternative means of obtaining the relief it seeks. The requested relief, if warranted, could have been obtained through a timely filed petition for rehearing, and may still be obtained through the pending application for further appellate review. We could, for example, if it were appropriate, allow the Commonwealth's application, hear the appeal, and conclude, as the Commonwealth contends, that the underlying case must be remanded for further development of a factual record in the trial court on the claims of ineffective assistance and prosecutorial misconduct. Extraordinary relief under G. L. c. 211, § 3, is not required. See *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), and cases cited.

*Judgment affirmed.*

*Elin H. Graydon*, Assistant District Attorney (*Milton E. Cranney, Jr.*, Assistant District Attorney, with her) for the Commonwealth.

*Larry J. Colby* for the defendant.

---

[1] We allowed the Commonwealth's motion to file its application late.