RICHARD ASADOORIAN *vs.* COMMONWEALTH. November 20, 2003. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Appeal.

Richard Asadoorian[1] appeals from the denial of his petition pursuant to G. L. c. 211, § 3, by a single justice of this court. The Commonwealth has moved to dismiss the appeal as moot. We decline to dismiss the appeal, and affirm the judgment of the single justice.

Following convictions of various criminal offenses in the Superior Court, Asadoorian filed a notice of appeal. He also filed a motion for a new trial, which was denied, and he appealed from that ruling as well. The Appeals Court consolidated the appeals and affirmed the convictions and the denial of his motion for a new trial. *Commonwealth* v. *Asadorian*, 44 Mass. App. Ct. 1108 (1998). He thereafter filed a second motion for a new trial, which was denied, and he again appealed. For purposes of that appeal, Asadoorian was represented by counsel but nonetheless filed a supplemental pro se brief, which the Appeals Court accepted. See *Commonwealth* v. *Moffett*, 383 Mass. 201, 216-217 (1981). Single justices of the Appeals Court, however, denied his motions to file a pro se reply brief, to participate in oral argument, and to have counsel appointed to pursue the claims that he had raised pro se. Asadoorian sought relief from those orders through his G. L. c. 211, § 3, petition. He additionally sought relief from the denial of a motion he had filed in the Superior Court seeking the recusal of the trial judge from deciding certain postconviction motions. The single justice denied his petition, and Asadoorian has appealed. While this appeal has been pending, the Appeals Court affirmed the denial of his second motion for a new trial. 54 Mass. App. Ct. 1116 (2002). We denied Asadoorian's application for further appellate review. 437 Mass. 1106 (2002).

The single justice neither erred nor abused her discretion in denying Asa-

[1]The court adopted the correct spelling of the petitioner's surname, "Asadoorian," while noting the spelling, "Asadorian," in the case reported at 44 Mass. App. Ct. 1108 (1998). — Reporter.

doorian's petition. With respect to the claim regarding recusal of the trial judge from deciding certain postconviction motions, Asadoorian can adequately raise that claim on appeal from any adverse ruling on those motions. See *Diggs* v. *Commonwealth*, 439 Mass. 1006, 1006-1007 (2003), and cases cited (relief under G. L. c. 211, § 3, may not be sought as substitute for normal appellate review). As for Asadoorian's complaints about the way in which the Appeals Court handled his motions regarding his pro se claims, he could have requested relief either in the Appeals Court or in his application for further appellate review.[2] Cf. *Devon Servs., Inc.* v. *Wellman*, 432 Mass. 1013 (2000) (claim that certain Appeals Court Justices were biased could have adequately been addressed in Appeals Court or on further appellate review and not by way of a petition under G. L. c. 211, § 3). See *Commonwealth* v. *O'Neil*, 436 Mass. 1007 (2002); *Kordis* v. *Appeals Court*, 434 Mass. 662 (2001); *Lanoue* v. *Commonwealth*, 427 Mass. 1014 (1998).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard Asadoorian*, pro se.

*Jane L. Fitzpatrick*, Assistant District Attorney, for the Commonwealth.

---

[2] In any case, we agree with the single justice that "there appears to be no error of law or abuse of discretion."