SHANNON EWING *vs.* COMMONWEALTH. December 30, 2005. *Moot Question. Practice, Civil,* Moot case. *Supreme Judicial Court,* Appeal from order of single justice.

Shannon Ewing appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. He has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We dismiss the appeal as moot.

The issue before us in this appeal is whether the single justice erred or abused her discretion in declining to appoint counsel to assist Ewing with his appeal from an order denying his motion for a new trial in an underlying criminal case.[1] See *Commonwealth* v. *Conceicao,* 388 Mass. 255, 258-264 (1983) (discussing appointments of counsel for pursuing motions for new trial). The Appeals Court, however, has since affirmed the order denying the motion for a new trial, and we have denied further appellate review.[2] *Commonwealth* v. *Ewing,* 63 Mass. App. Ct. 1111, *S.C.,* 445 Mass. 1107 (2005). Ewing's appeal from that order is completed, and his request for appointment

---

[1]Both before and after filing his G. L. c. 211, § 3, petition, Ewing asked the Appeals Court (where his appeal was to be heard) to appoint counsel for him. The Appeals Court referred the matter to the Committee for Public Counsel Services, which declined to assign counsel. A single justice of the Appeals Court also denied his motion for appointment of private counsel. Cf. *Asadoorian* v. *Commonwealth,* 440 Mass. 1026, 1027 (2003) (G. L. c. 211, § 3, relief properly denied where petitioner's request for appointment of counsel was denied by single justice of Appeals Court; petitioner "could have requested relief either in the Appeals Court or in his application for further appellate review").

[2]In connection with his application for further appellate review, Ewing filed a motion for appointment of counsel. We did not act on the motion.

of counsel to assist with the appeal has therefore become moot.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Shannon Ewing,* pro se.