RALPH P. ANDERSON *vs.* WASSEEM ATTAR. No. 04-P-1289. February 14, 2006. *Dentist. Negligence,* Dentist, Medical malpractice, Expert opinion. *Medical Malpractice,* Expert opinion. *Practice, Civil,* Small claims procedure. *District Court,* Small claims procedure.

The plaintiff brought suit against the defendant dentist, claiming damages for dental injuries caused by the defendant's negligence. A medical malpractice tribunal determined that the plaintiff produced sufficient evidence to raise a legitimate question of liability, despite the lack of expert evidence. The defendant appeals.

*Factual and legal background.* In April, 2003, the defendant installed a temporary bridge in the plaintiff's mouth. The temporary bridge came loose, and the defendant's dental assistant reattached it, apparently using stronger cement. When the defendant removed the recemented bridge, one of the plaintiff's underlying teeth appeared to be broken at the gum level. The plaintiff claims that the defendant broke the tooth when he removed the recemented bridge. He argues that the dental assistant used an improper cement when reattaching the bridge, which required the defendant to use excessive force to remove it. The defendant asserts that his assistant discovered the tooth was broken prior to recementing the bridge.

In the face of these dental failures, the plaintiff filed this lawsuit in the small claims session of the District Court. The defendant removed the case to the Superior Court, to be heard by a medical malpractice tribunal. The plaintiff's offer of proof to the tribunal did not include expert testimony to establish that the defendant breached the standard of care. The tribunal nevertheless found that there was sufficient evidence for the case to proceed to a jury. The defendant appeals that ruling, arguing that expert testimony was required because jurors are not competent from their own knowledge and experience to determine the appropriate kind of cement to be used to install a dental bridge and the appropriate amount of force necessary to remove it.

Section 60B of G. L. c. 231, inserted by St. 1975, c. 362, § 5, provides, in relevant part:

> "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a [dentist] licensed to practice [dentistry] in the commonwealth[,] . . . and an attorney authorized to practice law in the commonwealth . . . ."

Section 60B was designed as a screening mechanism to discourage frivolous medical malpractice claims and as a means to the end of keeping medical malpractice insurance premiums in check. *LaFond* v. *Casey,* 43 Mass. App. Ct. 233, 235 (1997).

Before a malpractice tribunal, a plaintiff's offer of proof must (1) show that the defendant is a provider of health care as defined in G. L. c. 231, § 60B; (2) demonstrate that the health care provider did not conform to good dental practice; and (3) establish resulting damage. See *Santos* v. *Kim*, 429 Mass. 130, 133 (1999). The adequacy of a plaintiff's offer of proof is to be measured by the standard used in ruling on a defendant's motion for a directed verdict. See *DiGiovanni* v. *Latimer*, 390 Mass. 265, 268-269 (1983); *Ward* v. *Levy*, 27 Mass. App. Ct. 1101, 1101 (1989).

The only issue here is whether the plaintiff made a sufficient showing that the defendant's performance did not conform to good dental practice.

*Expert testimony.* An expert is required when jurors are not competent from their own knowledge and experience to determine whether a dentist was negligent. See, e.g., *id.* at 1102 (insufficient evidence, without expert opinion, to support inference that harm was caused by dentist's negligence). There are, however, "exceptional cases" in which "a jury instructed by common knowledge and experience may without the aid of expert [dental] opinion determine whether the conduct of a [dentist] toward a patient is violative of the special duty which the law imposes as a consequence of this particular relationship." *Forlano* v. *Hughes*, 393 Mass. 502, 507 (1984), quoting from *Haggerty* v. *McCarthy*, 344 Mass. 136, 139 (1962). See *Lipman* v. *Lustig*, 346 Mass. 182, 184 (1963); *Ward* v. *Levy*, 27 Mass. App. Ct. at 1102.

In *Lipman*, the dentist dropped a dental instrument into the patient's throat, which the patient swallowed, and abdominal surgery was required to remove it. *Lipman* v. *Lustig*, 346 Mass. at 183-184. The court, addressing an appeal from a directed verdict, found that expert testimony was not necessary because jurors were competent from their own knowledge and experience to determine whether a dentist's dropping a tool into a patient's throat constituted negligence. *Id.* at 184. See *Toy* v. *Mackintosh*, 222 Mass. 430, 431 (1916) (expert testimony unnecessary to prove that dentist's allowing patient's tooth to fall into plaintiff's throat constituted negligence); *Malone* v. *Bianchi*, 318 Mass. 179, 180-182 (1945) (expert testimony unnecessary where evidence showed dentist permitted tooth to fall down patient's throat after extracting it).

We conclude that expert evidence was required in this case. Jurors are not competent from their own knowledge and experience to determine the appropriate kind of cement to be used to install a dental bridge, and the appropriate amount of force necessary to remove it.

*Small claims procedure.* We take this opportunity to address the issue whether a plaintiff who files his malpractice claim in the small claims session of the District Court should be required to produce expert testimony with his offer of proof. General Laws c. 231, § 60B, states that every medical malpractice action shall be heard by a tribunal that includes a single justice of the Superior Court. See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 659-660 (1977). "A medical malpractice action brought in a court other than the Superior Court must be referred to a tribunal in the Superior Court for action in accordance with § 60B and its associated sections." *Id.* at 660. "There is no apparent exception." *Ibid.* All treatment-related claims, whether in tort, in contract, or under G. L. c. 93A, must be submitted to a tribunal. See *Little* v.

*Rosenthal*, 376 Mass. 573, 576 (1978). See generally *Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 660 (after consideration by tribunal, case can be subject to trial in District or Municipal Court).

Accordingly, this case was properly transferred to Superior Court for consideration by the tribunal, and the tribunal properly applied § 60B to this case. We acknowledge that obtaining expert testimony is often costly and may limit the potential recovery of a small claims plaintiff. However, this court is bound by the words of the statute and the Legislature's requirement that all § 60B cases be treated similarly in Superior Court. See *ibid.*

For the reasons stated above we reverse the tribunal's finding. There was insufficient evidence to raise a legitimate question as to liability. The plaintiff may pursue his claim only upon filing a bond within thirty days of the rescript of this opinion, pursuant to G. L. c. 231, § 60B.

*So ordered.*

*Christopher R. Lavoie* for the defendant.

*Ralph P. Anderson*, pro se.