ROSARIO GUZZI *vs.* SECRETARY OF PUBLIC SAFETY & others.[1] December 14, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Imprisonment.*

The petitioner is an inmate in the custody of the Massachusetts Department of Correction. In an underlying civil action, a Superior Court judge dismissed the petitioner's request for certain declaratory relief with regard to the department's inmate-to-inmate mail regulations. Pursuant to G. L. c. 231, § 118, first par., the petitioner sought, and was denied, leave from a single justice of the Appeals Court to file an interlocutory appeal.[2] Thereafter, he filed a petition with this court, pursuant to G. L. c. 211, § 3, seeking leave to pursue his interlocutory appeal to the full Appeals Court. A single justice of this court denied the petition. We affirm.

The single justice neither committed an error of law nor abused his discretion in denying relief under G. L. c. 211, § 3. *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993). Where adequate alternative means of obtaining appellate review exist, relief is properly denied under G. L. c. 211, § 3. *Devon Servs., Inc.* v. *Wellman*, 432 Mass. 1013 (2000). In filing a petition pursuant to G. L. c. 231, § 118, the petitioner pursued an adequate alternative remedy provided by statute. *Mirrione* v. *Jacobs*, 446 Mass. 1001, 1001 (2006), quoting *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice"). The petitioner has not demonstrated that the remedy pursued was inadequate or that his substantive claims cannot be addressed in the ordinary course of appeal. *Greco* v. *Plymouth Sav. Bank, supra* at 1019. Although his petition pursuant to G. L. c. 231, § 118, was denied, G. L. c. 211, § 3, does not provide a second opportunity as a matter of right for interlocutory relief. In addition, the Superior Court docket indicates that

---

[1]The Commissioner of Correction; the superintendent of the Massachusetts Correctional Institution, Shirley (MCI Shirley); the director of treatment at MCI Shirley; and the Jewish chaplain at MCI Shirley.

[2]The petitioner attempted to appeal to a panel of the Appeals Court from the denial of his G. L. c. 231, § 118, petition and also sought reconsideration of the single justice's order. All such relief was denied.

separate and final judgment may now have entered in the underlying action. Any claims of error can be raised in the ordinary appellate process. *Devon Servs., Inc.* v. *Wellman, supra* at 1013.

*Judgment affirmed.*

The case was submitted on briefs.

*Rosario Guzzi*, pro se.

*Joan T. Kennedy* for the defendants.

