## Ann Marie Ruggiero *vs.* Matteo L. Giamarco.

No. 08-P-430.

Essex. December 9, 2008. - February 26, 2009.

Present: Grasso, Katzmann, & Sikora, JJ.

*Dentist. Negligence,* Dentist, Medical malpractice. *Medical Malpractice,* Tribunal. *Practice, Civil,* Interlocutory appeal.

This court concluded that a decision of a medical malpractice tribunal under G. L. c. 231, § 60B, that a plaintiff's complaint raises a legitimate question of liability worthy of judicial inquiry is not immediately appealable by a defendant health care provider either as of right [744-746] or under the doctrine of present execution [746-749].

Civil action commenced in the small claims session of the Peabody Division of the District Court Department on April 30, 2007.

Following transfer of the case to the Superior Court Department, a medical malpractice tribunal report was entered by *Thomas R. Murtagh,* J., and the case was returned to the District Court Department.

A proceeding for interlocutory review was heard in the Appeals Court by *Berry,* J.

*Stephen M. O'Shea* for the defendant.

Grasso, J. We consider in this appeal whether a decision of a medical malpractice tribunal that the plaintiff's complaint raises a legitimate question of liability worthy of judicial inquiry is immediately appealable by the health care provider under the doctrine of present execution. We hold that a health care provider is not entitled to an immediate appeal as of right from an adverse decision of a malpractice tribunal under G. L. c. 231, § 60B, and dismiss the appeal.

1. *Background.* Ann Marie Ruggiero filed a small claims action in the Peabody Division of the District Court Department alleging that Matteo L. Giamarco performed dental work negli-

gently and caused her damage. Giamarco moved to stay the proceedings and sought referral to the Superior Court for a medical malpractice tribunal pursuant to G. L. c. 231, § 60B. See *Anderson* v. *Attar*, 65 Mass. App. Ct. 910, 911-912 (2006).

After considering Ruggiero's offer of proof, the tribunal concluded that her complaint, if properly substantiated, raised a legitimate question of liability worthy of judicial inquiry.[1] Giamarco filed a petition with the single justice of this court seeking interlocutory review of the tribunal's decision. See G. L. c. 231, § 118, first par. The single justice denied Giamarco's petition and declined to grant leave to take an interlocutory appeal.[2] Compare *Daveiga* v. *Boston Pub. Health Commn.*, 449 Mass. 434, 435 n.2 (2007) (where matter immediately appealable under doctrine of present execution, G. L. c. 231, § 118, not applicable). Giamarco now seeks to appeal directly from the tribunal order entered in the Superior Court.

2. *Discussion.* A malpractice tribunal is an entity created by G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5, and tasked with examining a plaintiff's action against a health care provider to determine whether the complaint and offer of proof is "sufficient to raise a legitimate question of liability appropriate for judicial inquiry *or* whether the plaintiff's case is merely an unfortunate medical result." *Kopycinski* v. *Aserkoff*, 410 Mass. 410, 413 (1991) (emphasis supplied). The tribunal requirement applies to all treatment related claims, whether in tort, in contract, or under G. L. c. 93A. See *Little* v. *Rosenthal*, 376 Mass. 573, 576 (1978). Actions such as Ruggiero's that are commenced under small claims procedure in the District Court must first be transferred to Superior Court for consideration by the tribunal. See *Anderson* v. *Attar, supra.*

The purpose of the statute is to screen complaints in order "to discourage frivolous claims whose defense would tend to increase

---

[1]The handwritten endorsement of the tribunal states: "In this pro se case, we interpret the letter of Dr. Fiore, D.M.D. as stating that there was a deviation from the standard of care by not requiring metal reinforcement in connection with the splinting [of Ruggiero's teeth]."

[2]The single justice initially denied Giamarco's petition on jurisdictional grounds. On reconsideration, the justice concluded that G. L. c. 231, § 118, posed no jurisdictional bar and denied the petition in the exercise of her discretion.

premium charges for medical malpractice insurance." *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977). *McMahon* v. *Glixman*, 379 Mass. 60, 68 (1979). The statute treats claims against health care providers differently from all other civil actions and requires them to pass a preliminary threshold of apparent merit, failing which the plaintiff must post a bond as security against costs of "witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment." G. L. c. 231, § 60B. See *LaFond* v. *Casey*, 43 Mass. App. Ct. 233, 235 (1997) (tribunal determines whether claim of medical malpractice "makes the grade for a trial"). In conducting its preliminary screening, the tribunal is to examine the proffer with a "permissibly indulgent reading" in favor of the plaintiff. *Kilmartin* v. *Lowell Gen. Hosp.*, 23 Mass. App. Ct. 901, 902 (1986). *Booth* v. *Silva*, 36 Mass. App. Ct. 16, 23 (1994).

a. *No statutory right of appeal.* In keeping with the limited nature of the screening undertaken by the tribunal, "[t]he statute does not call for a preliminary 'trial' of the case, or a consideration of the 'evidence' in [its] full[est] sense." *Little* v. *Rosenthal*, *supra* at 578 n.4. Nor does the statute make provision for interlocutory appellate appraisal of the tribunal's decision that the plaintiff's offer of proof falls on one side of the line or the other. To do so would interject unwanted delay and cost into the proceedings, defeating much of the statute's purpose. Instead, the statute itself describes the consequences that attach after the tribunal's screening. If the tribunal's decision is against the prospective plaintiff, he must file a bond in a specified amount as security against certain costs should he not prevail at trial. If the tribunal's decision is in favor of the prospective plaintiff, the suit goes forward, as all other suits do, without a bond. See G. L. c. 231, § 60B.

That a plaintiff may not take an interlocutory appeal as of right from an adverse tribunal decision is well-settled law. See *McMahon* v. *Glixman*, *supra* at 63-64. Instead, the plaintiff must file the required bond and try the case to conclusion before seeking appellate review, or he runs the risk of being out of court entirely. If he refuses to post the bond, his case must be dismissed. While he may then appeal from the dismissal, he has no further recourse if his claim of tribunal error is decided adversely to him

on appeal. *Ibid. Kapp* v. *Ballantine*, 380 Mass. 186, 190-191 (1980).[3]

To date, a health care provider aggrieved by a tribunal decision has been able to obtain interlocutory appellate review of that decision, if at all, only in the discretion of a single justice. See G. L. c. 231, § 118; *Kopycinski* v. *Aserkoff*, 410 Mass. at 412; *Jasper* v. *Tomaiolo*, 20 Mass. App. Ct. 201, 201 (1985); *Anderson* v. *Attar*, 65 Mass. App. Ct. at 911-912.[4] Having failed to obtain leave from the single justice, Giamarco contends that he is nonetheless entitled to appellate review as of right under the doctrine of present execution. We disagree.

b. *Doctrine of present execution.* "As a general rule, an aggrieved litigant cannot as a matter of right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it."[5] *Elles* v. *Zoning Bd. of Appeals of Quincy*, 450 Mass. 671, 673-674 (2008). Absent such special authorization in rule or statute, an appellate court will reject attempts to obtain piecemeal review of rulings that do not represent final disposition on the merits. See *Fabre* v. *Walton*, 436 Mass. 517, 520-521 (2002). "The policy underlying this rule is that 'a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant." *Id.* at 521, quoting from *Borman* v. *Borman*, 378 Mass. 775, 779 (1979).

There are limited exceptions to the rule against immediate appellate review of interlocutory rulings. One exception is that contained in G. L. c. 231, § 118, authorizing a single justice to

---

[3]The correctness of the tribunal's decision that the plaintiff's offer of proof is not sufficient to raise a legitimate question of liability appropriate for judicial inquiry is susceptible of appellate review, even after judgment for the health care provider has been entered at trial. *LaFond* v. *Casey*, 43 Mass. App. Ct. 233, 235 (1997) (physician's suit to enforce payment of bond). After posting a bond and going to trial and losing, a plaintiff may have the tribunal's decision addressed on appeal along with any other alleged errors at trial. *McMahon* v. *Glixman, supra* at 64.

[4]We note from the docket in *Anderson* that, pursuant to G. L. c. 231, § 118, a single justice of this court granted leave to the health care provider to proceed with an interlocutory appeal to the full panel of the Appeals Court.

[5]The tribunal's decision is an interlocutory order and not a final judgment. The decision does not resolve Ruggiero's claim against Giamarco, but merely indicates the manner in which the dispute is to proceed to resolution — with, or without, a security bond. See G. L. c. 231, § 60B.

authorize such review as a matter of discretion in appropriate cases. Another is the doctrine of present execution. Under that doctrine, immediate appeal of an interlocutory order is permitted if the order appealed from is "collateral" to the merits of the controversy and interferes with rights in a way that cannot be remedied on appeal from the final judgment. See *Fabre* v. *Walton, supra* at 521; *Elles* v. *Zoning Bd. of Appeals of Quincy, supra* at 674.

Even apart from the fact that G. L. c. 231, § 60B, itself does not afford the right of immediate appellate review to a party dissatisfied with the tribunal's screening decision, we view the principles underlying the doctrine of present execution as inapplicable in that context.[6] The tribunal's decision that Ruggiero's complaint and offer of proof raises a legitimate question of liability appropriate for judicial inquiry is not "collateral" to the merits of her action against Giamarco. Indeed, the very focus of the tribunal's decision is the likely merits of Ruggiero's action. See *Maddocks* v. *Ricker*, 403 Mass. 592, 598-599 (1988) (what unites cases in which doctrine of present execution applies is that appellate issues posed "did not in any way overlap with the questions remaining to be decided in the trial court").

Nor does the tribunal's decision interfere with Giamarco's rights in a way that cannot be remedied on appeal. The only substantive right to which Giamarco may lay claim is that set forth in the statute itself, the right to the posting of a bond should the tribunal determine that the action does not appear to be meritorious on preliminary review. The few instances in which courts have invoked the doctrine of present execution to protect rights that could not otherwise be protected on appeal have involved interlocutory appellate review of rulings that *deny* a claim of *immunity from suit.* "Interlocutory orders relating to claims of governmental immunity from suit are appealable pursuant to the doctrine of present execution because '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability;

---

[6]Were we to follow Giamarco's logic, a tribunal decision that is adverse to a putative plaintiff should also be subject to the doctrine of present execution. Such a decision is as intrusive on a plaintiff's right to sue as a decision that is adverse to the health care provider. If the putative plaintiff fails to post the bond, his suit is dismissed without any recourse if he is ultimately proved wrong on appeal. See *McMahon* v. *Glixman*, 379 Mass. at 63-64.

and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' " *Fabre* v. *Walton*, 436 Mass. at 521, quoting from *Mitchell* v. *Forsyth*, 472 U.S. 511, 526 (1985). See *Brum* v. *Dartmouth*, 428 Mass. 684, 688 (1999) ("[t]he right to immunity from suit would be 'lost forever' if an order denying it were not appealable until the close of litigation"). Likewise, the Supreme Judicial Court has applied the doctrine to review the *denial* of a special motion to dismiss under the "anti-SLAPP" statute, G. L. c. 231, § 59H, "because, as in the governmental immunity cases, the statute's protections against the harassment and burdens of litigation would be lost if a plaintiff were forced to litigate the case to its conclusion before obtaining appellate relief." *Elles* v. *Zoning Bd. of Appeals of Quincy*, *supra* at 674. See *Daveiga* v. *Boston Pub. Health Commn.*, 449 Mass. at 435 n.2 (doctrine applies to failure to make presentment under Massachusetts Tort Claims Act, G. L. c. 258, § 4).[7]

Giamarco's contention that the doctrine of present execution permits immediate appellate review of a tribunal decision that is adverse to a health care provider is inapt, if for no other reason than G. L. c. 231, § 60B, does not afford a health care provider *immunity* from suit. Compare *Fabre* v. *Walton*, *supra*. Nor does it prevent even meritless suits from going forward. Rather, the statute affords only the limited security of a bond against certain costs of defending a claim that the tribunal has screened out preliminarily as a nonmeritorious, "unfortunate medical result." G. L. c. 231, § 60B.

The statute expresses the Legislature's considered answer how best to strike a balance between the evils arising from frivolous claims whose defense tends to increase charges for medical malpractice insurance (and health care costs in general) and the

[7] We reject Giamarco's attempted analogy of G. L. c. 231, § 60B, to the anti-SLAPP statute. In enacting the anti-SLAPP statute, "the Legislature intended to *immunize* parties from claims 'based on' their petitioning activities." *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 167 (1998) (emphasis supplied). When a motion to dismiss under the anti-SLAPP statute is denied, invocation of the doctrine of present execution to permit immediate appellate review preserves the statutorily granted right to immunity. Compare *Metzler* v. *Lanoue*, 62 Mass. App. Ct. 655, 657-658 (2004) (where *allowance* of special motion to dismiss not dispositive of all claims, doctrine of present execution does not apply because it does not render futile plaintiff's rights of appeal from final judgment).

constitutionally protected right to a jury trial in civil cases. In striking that balance, the Legislature chose to interpose the tribunal as a preliminary filter. The statute does not endow a health care provider with a right to be immune from suit or from frivolous claims, nor does it guarantee a perfect screening mechanism, only one that is likely to discourage frivolous claims.

*Appeal dismissed.*