MATTEO L. GIAMARCO *vs.* ANNE MARIE RUGGIERO. August 24, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Appeals Court,* Appeal from order of single justice. *Medical Malpractice,* Tribunal.

The petitioner, Matteo L. Giamarco, is a defendant in a small claims action filed by the respondent, Anne Marie Ruggiero, in the District Court. On motion, the case was transferred from the District Court to the Superior Court for a medical malpractice tribunal hearing under G. L. c. 231, § 60B. The tribunal subsequently issued a report determining that, "upon evidence presented, if properly substantiated, there is sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry," meaning Ruggiero would be permitted to pursue her claim without filing a bond.

In the matter presently before us, Giamarco appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, challenging the tribunal's decision. Prior to filing that petition, he also had sought relief, unsuccessfully, from a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par., as well as from a panel of the Appeals Court, in an appeal purportedly brought under the doctrine of present execution. *Ruggiero* v. *Giamarco*, 73 Mass. App. Ct. 743, 743 (2009) (holding that "a health care provider is not entitled to an immediate appeal as of right from an adverse decision of a malpractice tribunal").

Giamarco has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Under that rule, he is required to demonstrate that "review of the [tribunal] decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court *or by other available means*" (emphasis added). *Id.* He has not met his burden. As noted, Giamarco had, and availed himself of, the opportunity to obtain review of the tribunal decision pursuant to G. L. c. 231, § 118, first par. "Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996).

See *Kopycinski* v. *Aserkoff*, 410 Mass. 410, 412 (1991); *Ruggiero* v. *Giamarco, supra*. "Although [Giamarco's] petition pursuant to G. L. c. 231, § 118, was denied, G. L. c. 211, § 3, does not provide a second opportunity as a matter of right for interlocutory relief." *Guzzi* v. *Secretary of Pub. Safety*, 450 Mass. 1016, 1016 (2007). See *Mirrione* v. *Jacobs*, 446 Mass. 1001 (2006) (affirming denial of petition under G. L. c. 211, § 3, after single justice of Appeals Court, pursuant to G. L. c. 231, § 118, first par., denied relief from trial court order declining to require plaintiff to post bond to secure court costs in zoning case).

The power of this court to superintend the lower courts pursuant to G. L. c. 211, § 3, is extraordinary and is exercised sparingly. It is not meant to provide review as a matter of right for routine rulings such as this: a tribunal's determination that a plaintiff's offer of proof is sufficient to enable her to proceed without posting a bond. The single justice did not commit a clear error of law or abuse her discretion in denying the petition.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Stephen M. O'Shea* for the petitioner.