NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-523                                      Appeals Court

JEANNE SWEENEY MOONEY  vs.  SETTI D. WARREN.

No. 14-P-523.

Middlesex.     December 4, 2014. - March 5, 2015.

Present:  Cohen, Fecteau, & Massing, JJ.

Practice, Civil, Interlocutory appeal.

Civil action commenced in the Superior Court Department on
September 6, 2013.

A motion to dismiss was heard by Dennis J. Curran, J.

Angela Buchanan Smagula, Assistant City Solicitor, for the
defendant.
Cary Gianoulis for the plaintiff.

FECTEAU, J.  The defendant, Setti D. Warren, appeals from

an order of a judge of the Superior Court that denied his

motion, filed pursuant to Mass.R.Civ.P. 12(b)(6) and (9), 365

Mass. 754 (1974), to dismiss the plaintiff's complaint.  His

motion claimed that a prior order in the Federal court that

denied the plaintiff's motion to amend her complaint to add

claims there against the defendant in his individual capacity barred the plaintiff's claims here as res judicata. Because we consider his appeal premature, we dismiss it.

Background. In brief, on or about March 15, 2013, the plaintiff, Jeanne Sweeney Mooney, brought a multiple count complaint in the United States District Court for the District of Massachusetts against Warren, in his official capacity as the mayor of the city of Newton, and others, in which she alleged conspiracy and deprivation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, as well as numerous pendent State law claims, all in connection with certain events alleged while Mooney worked with the Newton police department.

Mooney moved to amend her complaint to include counts against Warren in his personal capacity on August 19, 2013; this motion, opposed by the defendants in that action, was denied on September 4, 2013.[1] On September 6, 2013, Mooney filed her complaint in Superior Court alleging the same claims she had sought to add to the Federal complaint. On October 4, 2013, Warren filed a motion to dismiss on res judicata grounds, which was heard on January 9, 2014. On January 30, 2014, a judge of the Superior Court issued a memorandum of decision and order, denying the motion in its entirety. This appeal followed.

---

[1] We understand that the Federal case is still pending.

Discussion. We need not reach the merits of the appeal because Warren has improperly filed an appeal from an interlocutory order. See Brum v. Dartmouth, 428 Mass. 684, 687 (1999) (denial of motion to dismiss is an interlocutory ruling that is not immediately appealable until the final disposition of the case because it is not a final order); Ruggiero v. Giamarco, 73 Mass. App. Ct. 743, 746-747 (2009) (generally, a litigant may not pursue an immediate appeal from an interlocutory order unless authorized by rule or statute). As noted by the defendant, there are two exceptions to this rule. One exception allows the litigant to file for relief by petitioning for review of the order by a single justice of the Appeals Court, who may, after review, authorize an interlocutory appeal of the order to a panel of the Appeals Court. Ruggiero, supra at 747. G. L. c. 231, § 118, first par. See McMenimen v. Passatempo, 452 Mass. 178, 187 (2008). That was not done here. Instead, Warren claims a right of immediate appeal under the second exception, the doctrine of present execution.

Specifically, Warren claims a right to an immediate appeal under that doctrine because his motion was based on the ground of res judicata, which, he contends, without authoritative support, is similar to a claim of governmental immunity. It is not similar. See Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 674 (2008) (interlocutory orders relating to claims

of government immunity from suit are subject to the doctrine because "[t]he right to immunity from suit would be 'lost forever' if an order denying it were not appealable until the close of litigation . . . . ," quoting from Brum v. Dartmouth, supra at 688).[2]  See also Breault v. Chairman of the Bd. of Fire Commrs. of Springfield, 401 Mass. 26, 31 (1987), cert. denied sub nom. Forastiere v. Breault, 485 U.S. 906 (1988).  The defendant's contention fails because a claim of immunity "'is one of freedom from suit, [wherein] the defendant's right will be lost forever unless that right is determined now,' whereas 'if the asserted right to immunity is but a right to freedom from liability . . . [the defendant's] right could be vindicated fully on appeal after trial.'"  Marcus v. Newton, 462 Mass. 148, 152 (2012), quoting from Breault v. Chairman of the Bd. of Fire Commrs. of Springfield, supra.  A defense based upon res judicata, even if such could be established, is not the equivalent of "freedom from suit" but is, instead, "freedom from liability."

Nor is his contention sufficiently similar to other situations determined as appropriate under the doctrine to warrant interlocutory appeal, such as from the denial of a

_____

[2] We need not address whether the defendant's claim under the present execution doctrine also fails under the second part of the test, namely, whether "the matter is 'collateral' to the merits of the controversy."  Elles v. Zoning Bd. of Appeals of Quincy, supra.

special motion to dismiss under the "anti-SLAPP" statute, G. L. c. 231, § 59H, see Fabre v. Walton, 436 Mass. 517, 521-522 (2002), and in appeals from disqualification of counsel, see Maddocks v. Ricker, 403 Mass. 592, 600 (1988), and Borman v. Borman, 378 Mass. 775, 780-782 (1979). Contrast Baker v. Hobson, 62 Mass. App. Ct. 659, 663-664 (2004) (where other claims remained pending so that parties would have to continue litigation regardless of outcome of any interlocutory appeal, doctrine of present execution not applicable). This case does not warrant application of this limited exception but rather falls within the general rule against full review of interlocutory orders. "The policy underlying this rule is that a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant." Fabre, supra at 521 (quotations and citation omitted).

Contrary to the defendant's contention, a failure to allow interlocutory appeal here does not result in the defendant's rights to a disposition based upon res judicata being "lost forever," nor does it mean that appeal from a final adverse judgment, if any, would be futile. Moreover, other avenues for dispositive action remain open to him, such as a motion for summary judgment. As we made clear in R.J.A. v. K.A.V., 34

Mass. App. Ct. 369, 374-375 (1993), "merely causing a party to be subjected to the delay and expense inherent in further litigation does not make such an order 'effectively unreviewable' under [Borman, supra at 780]," nor does it create "the sort of practically incorrectable present execution recognized by Borman and its progeny []or irremediable hardship of the kind that has sometimes been deemed to justify immediate appeal under the analogous 'collateral order' doctrine in Federal courts."  Thus, we see no valid reason to conclude that the doctrine would allow for the immediate appeal of the denial of the motion in this circumstance.

Accordingly, we dismiss Warren's appeal.

So ordered.