NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-617

JULIA DIXON MUQI

vs.

JONATHON SILLMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises out of a claim of medical malpractice. The plaintiff filed a complaint in the Suffolk Superior Court in September 2020 alleging, inter alia, that the defendant failed to examine or treat her for a serious ear infection. The defendant, pursuant to G. L. c. 231, § 60B, requested a medical malpractice tribunal after the plaintiff failed, as is required, to file an offer of proof. See Kopycinski v. Aserkoff, 410 Mass. 410, 412-413 (1991). In response, the plaintiff filed an offer of proof; however, it failed to include an expert opinion. See Anderson v. Attar, 65 Mass. App. Ct. 910, 911 (2006) ("[a]n expert is required when jurors are not competent from their own knowledge and experience to determine whether a [doctor] was negligent"). See also Ward v. Levy, 27 Mass. App. Ct. 1101, 1102-1103 (1989) and cases cited. The tribunal convened in

February 2022 and issued a finding that the plaintiff's offer of proof was insufficient to support the claims against the defendant. As a result, the plaintiff was ordered to post a bond in the amount of $6,000, as required by G. L. c. 231, § 60B, to further pursue her claims. The plaintiff moved to reduce the bond to $0, and the judge denied her motion. After final judgment was entered for failure to post the bond, this appeal followed.

The narrow issue before us is the propriety of the judge's denial of the plaintiff's motion to reduce the required bond from $6,000 to $0. Because there was no error in the judge's ruling, we affirm. General Laws c. 231, § 60B, states:

> "If a finding is made for the defendant or defendants in the case the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant or defendants in the case for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof."

The plaintiff has not claimed indigency in this case, but even if she had, the judge would be prohibited from reducing the bond to $0 as requested. G. L. c. 231, § 60B. See Rogers v. Boston,

2

33 Mass. App. Ct. 328, 329 (1992) (plaintiff has burden of establishing indigency). Discerning no authority in the law to reverse the judge's ruling, we decline to do so.[1] See Denton v. Beth Israel Hosp., 392 Mass. 277, 280-281 (1984).

Judgment for failure to file bond affirmed.

By the Court (Sullivan, Desmond & Singh, JJ.[2]),

Joseph F. Stanton

Clerk

Entered: May 11, 2023.

---

[1] We acknowledge the plaintiff's arguments pertaining to her complaint of medical malpractice, namely that the defendant failed to examine, diagnose, or treat her alleged infection. While we are sympathetic to her obvious distress, our review here is narrow and focuses solely on the claimed procedural infirmity.

[2] The panelists are listed in order of seniority.