JOSEPH LAURANO *vs.* JUSTICES OF THE SUPERIOR COURT[1] (and a consolidated case). June 22, 1999. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner filed in the county court a petition pursuant to G. L. c. 211, § 3, seeking to enjoin an interpleader action then pending in the Superior Court that concerned the validity of an attorney's lien and the distribution of certain settlement proceeds. After the filing of the petition, the Superior Court transferred the underlying action to the Boston Municipal Court. A single justice of this court denied the petition after a hearing, and the petitioner appealed. We affirm.

A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had an adequate and effective avenue to seek and obtain the requested relief other than G. L. c. 211, § 3. See, e.g., *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996); *Adams* v. *Cumberland Farms, Inc.*, 420 Mass. 807, 808 (1995). Here, the petitioner had other available remedies. He could have appealed through the normal appellate procedures following a trial in the Superior or Municipal Court. Also, under G. L. c. 231, § 118, first par., the petitioner could have sought interlocutory review of the challenged Superior Court orders by filing a petition with a single justice of the Appeals Court. He also could have sought interlocutory review of any order of the Municipal Court by requesting the court to report such ruling to the Appellate Division pursuant to Mass. R. Civ. P. 64 (b), as appearing in 423 Mass. 1410 (1996), and Rule 5 of the District/Municipal Rules of Appellate Division Appeal (1999). Having failed to demonstrate that these traditional remedies would not provide full and effective relief, the petitioner is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3.

The petitioner also appeals the single justice's denial of his motion to stay the trial court proceedings pending his appeal from the denial of his c. 211, § 3, petition. There is nothing to suggest that the single justice abused his discretion in denying such a motion.

*Orders of the single justice affirmed.*

The cases were submitted on brief.

*Joseph Laurano*, pro se.