ELAINE M. CALLAHAN vs. SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT. August 31, 2000. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

The petitioner, Elaine M. Callahan, appeals from a judgment of a single justice of this court denying, without a hearing, her petition pursuant to G. L. c. 211, § 3. We affirm.

At the time Callahan filed her petition, there was pending in the Superior Court a civil action that she had brought against an attorney who had represented her in a prior action. Callahan's petition sought a variety of relief with respect to the pending action: an order requiring the judge in the case to vacate a ruling he had made and thereafter to recuse himself from the case; an order requiring the Superior Court to correct the docket entries in the case; an order requiring the Superior Court session clerk to refrain from further participation in the case and in any future cases involving Callahan; an order that certain transcripts in the case and in the prior case be produced; and an order that the case files in the pending case and in the prior case be made available for copying.[1]

It appears that when Callahan filed her petition, the judge in the Superior Court had the parties' cross motions for summary judgment under advisement. After the single justice denied Callahan's petition, the Superior Court judge granted summary judgment against Callahan. Callahan appealed from the final judgment that ensued, and her appeal is currently pending in the Appeals Court.

Relief under G. L. c. 211, § 3, was correctly denied because, among other reasons, Callahan failed to demonstrate the absence or inadequacy of other remedies. She offered no reason, for example, why a petition before a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par., or an appeal from any adverse final judgment could not have provided the type of relief she sought. See *Sinai* v. *Plymouth Div. of the Probate & Family Court Dep't,* 425 Mass. 1021 (1997); *Greco* v. *Plymouth Sav. Bank,* 423 Mass. 1019 (1996); *Adams* v. *Cumberland Farms, Inc.,* 420 Mass. 807 (1995).[2]

Accordingly, the judgment of the single justice is affirmed.[3]

*So ordered.*

The case was submitted on the papers filed.

---

[1]Contrary to S.J.C. Rule 2:22, 422 Mass. 1302 (1996), Callahan did not name as a respondent in her petition and did not make service on the defendant in the Superior Court action. She named and served only the Superior Court and the individual judge involved. Further, although some if not all of the relief she sought in her petition concerned interlocutory trial court rulings, she has failed in this appeal to comply with S.J.C. Rule 2:21, 421 Mass. 1303 (1995).

[2]While this appeal has been pending, Callahan has filed a motion with the full court seeking to compel the court reporter in the Superior Court to produce certain transcripts. The motion also challenges what Callahan claims was the premature assembly of the record in the Superior Court action. Callahan's motion is denied. The relief sought, if warranted, can be obtained through appropriate motions in the trial court or the Appeals Court.

[3]This appeal has been pending before the full court for approximately two years, yet Callahan has not filed a brief. A motion to dismiss the appeal has been filed. We decide the appeal on the papers before us and those that were before the single justice.

*Elaine M. Callahan*, pro se.
*Stephen Dick*, Assistant Attorney General, for the defendant.