VICTOR J. HUNT *vs.* NORMAN McKENDRY & others.[1] July 19, 2001. *Supreme Judicial Court,* Superintendence of inferior courts. *Appeals Court,* Further appellate review by the Supreme Judicial Court. *Practice, Civil,* Appeal, Enlargement of time, Rehearing, Costs.

Victor J. Hunt appeals from a judgment of the single justice denying relief pursuant to G. L. c. 211, § 3. The petition sought relief from three orders issued by the Appeals Court in a matter that Hunt had pending against Norwood Hospital, several of its employees, and other defendants that the parties refer to as the "SmithKline defendants." See *Hunt* v. *McKendry*, 47 Mass. App. Ct. 1101 (1999) (order and unpublished memorandum under rule 1:28). The specific orders Hunt challenged are (1) an order denying leave to file a late

---

[1]Judy L. Bell, Mary C. Logan, James P. Nolan, Joy A. Lin, Norwood Hospital, and Jane or John Doe.

petition for rehearing; (2) an order awarding appellate costs solely against Norwood Hospital; and (3) an order refusing to reconsider the award of appellate costs. The gravamen of the petition is that the Appeals Court, by issuing these three orders, improperly limited the liability of the SmithKline defendants in further proceedings on remand to the Superior Court. We affirm the single justice's denial of this petition.

It is well established that a request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had an adequate and effective avenue to seek and obtain the requested relief other than G. L. c. 211, § 3. See, e.g., *Laurano* v. *Justices of the Superior Court*, 429 Mass. 1016 (1999); *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996). Here, Hunt had other available routes to challenge the Appeals Court's orders that he claims limited the liability of the SmithKline defendants. Pursuant to Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998), he could have applied for further appellate review following the Appeals Court's amended memorandum and order and challenged the Appeals Court's conclusion that the SmithKline defendants had acted properly when refusing to release certain medical records directly to him. He also could have filed a timely petition for rehearing pursuant to Mass. R. A. P. 27, as amended, 410 Mass. 1602 (1991). There is nothing in the record to establish that there was good cause for his delay in filing such a petition. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979). Having failed to demonstrate that these traditional remedies could not provide full and effective relief, Hunt is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3. *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), and cases cited.

Even assuming that Hunt had no adequate remedy other than a petition under G. L. c. 211, § 3, he failed to demonstrate that the Appeals Court erred or abused its discretion by issuing any of the three orders. As to the motion to enlarge the time for filing a petition for rehearing, Hunt failed to advance any ground to the Appeals Court to establish good cause for a delay or to establish the necessity for the requested rehearing.

Also, there is nothing to suggest that the Appeals Court abused its discretion or erred in refusing to reconsider its award of appellate costs enforceable solely against Norwood Hospital. See *Morochnick* v. *Quigley*, 394 Mass. 651, 653 (1985) (recognizing Appeals Court has discretion to refuse to order costs against losing party on appeal, even when it reverses lower court judgment). The Appeals Court specifically recognized in its decision that, pursuant to G. L. c. 111D, § 8, and 105 Code Mass. Regs. § 180.290(E) (1994), the SmithKline defendants had not acted unlawfully when they refused to release the results of Hunt's blood tests without the requisite authorization.[2]

Hunt argues unconvincingly that the Superior Court, on remand, will misconstrue the Appeals Court's order for costs as an indication that it must necessarily dismiss the SmithKline defendants. The Appeals Court's amended memorandum and order clearly left it to the Superior Court to determine whether it is necessary for the SmithKline defendants to remain in the litigation. If the SmithKline defendants are in fact dismissed and Hunt is ag-

---

[2]The Appeals Court was not obligated to consider the documentation concerning allegedly recoverable appellate costs that Hunt offered for the first time with his motion for reconsideration.

grieved by the dismissal, he can of course challenge that dismissal, either as an interlocutory order (see G. L. c. 231, § 118, first par.) or after a final judgment has entered in the Superior Court.

The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed.

*So ordered.*

The case was submitted on briefs.

*John A.K. Grunert* for Norman McKendry & others.

*Douglas A. Morgan* (*Joan F. Renehan* with him) for Norwood Hospital.

*Victor J. Hunt*, pro se.