STANLEY L. DONALD vs. COMMONWEALTH. June 26, 2002. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Postconviction relief, Discovery, New trial.

The petitioner filed a document in the county court entitled "Appellant's Motion with Record Appendix for Leave to File an Interlocutory Appeal Pursuant to Mass. R. [A.] P. 15 (c)," 365 Mass. 859 (1974), seeking leave to appeal from an order of a judge in the Superior Court denying his postconviction motion for discovery. See Mass. R. Crim. P. 30 (c) (4), 378 Mass. 900 (1979). The single justice treated the filing as a petition under G. L. c. 211, § 3, and denied it without a hearing. The single justice also denied the petitioner's motion for reconsideration. The petitioner appeals to the full court. We affirm.[1]

"[R]elief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had an adequate and effective avenue to seek and obtain the requested relief other than G. L. c. 211, § 3." *Hunt* v. *McKendry*, 434 Mass. 1025, 1026 (2001). In this case, the petitioner sought postconviction discovery in the Superior Court while also moving for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979).[2] Rule 30 (c) (8) of the Massachusetts Rules of Criminal Procedure, as appearing in 420 Mass. 1502 (1995), provides a right to appeal from a final order under rule 30. An established route for the petitioner to obtain appellate review of the denial of his motion for postconviction discovery would be in connection with an appeal from the denial of his motion for a new trial, if the new trial motion is in fact denied. See, e.g., *Commonwealth* v. *Martinez, ante* 84, 97 (2002) (considering, on consolidated appeal from conviction and denial of defendant's motion for new trial, whether judge properly denied defendant's motion for postconviction discovery pursuant to rule 30 [c] [4]); *Commonwealth* v. *Stewart*, 383 Mass. 253, 261 (1981) (considering, after defendant's conviction was affirmed on direct appeal, postconviction discovery issue raised on appeal from denial of motion for new trial). On this record, the petitioner has not carried his burden of "demonstrat[ing] the absence or inadequacy of other remedies." *Callahan* v. *Superior Court*, 432 Mass. 1023, 1023 (2000).

The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed.

*So ordered.*

The case was submitted on briefs.
*Loretta M. Lillios*, Assistant District Attorney, for the Commonwealth.
*Stanley L. Donald*, pro se.

---

[1]The petitioner proceeded with his appeal pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We directed him to proceed according to the regular appellate process.

[2]The motion for a new trial was pending in the Superior Court at the time the petitioner filed this petition in the county court. The petitioner also has a direct appeal from his convictions that has been argued and is pending in the Appeals Court.