**Stanley DONALD, Petitioner,**

v.

**Luis SPENCER, Superintendent of MCI Norfolk, Respondent.**

**Civil Action No. 08–11671–WGY.**

United States District Court, D. Massachusetts.

Feb. 23, 2010.

Stanley Donald, Norfolk, MA, pro se.

Eva M. Badway, Attorney General's Office, Boston, MA, for Respondent.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. INTRODUCTION

Stanley Donald ("Donald") brings this action against Superintendent Luis Spencer seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. [Doc. No. 1]. Donald presents seven grounds for relief, which can be grouped into four issues: 1) whether Donald was deprived of due process by ineffective assistance of trial counsel (GROUND 1); 2) whether Donald was deprived of due process by ineffective assistance of the post-conviction counsel (GROUND 5); 3) whether Donald should be allowed post conviction discovery and DNA testing (GROUNDS 3, 4, and 8); and 4) whether Donald was deprived of due process by denial of his motion for post-

conviction discovery without an evidentiary hearing (GROUNDS 6, 7).[1]

## A. Procedural Posture

In April 1999, Donald was convicted of two counts of aggravated rape, unarmed robbery, kidnapping, assault and battery by means of a dangerous weapon, and carjacking in the Massachusetts Superior Court sitting in and for the County of Middlesex. *Commonwealth v. Donald,* Middlesex Superior Court Criminal Docket No. MICR1997–02366 ("Superior Court Proceedings"), Resp't Supplemental Answer, Ex. A [Doc. No. 26]. On appeal Donald claimed, *inter alia,* that his counsel was constitutionally ineffective because he introduced in evidence a religious prayer that the prosecution had agreed not to introduce. Resp't Supplemental Answer, Ex. D. The Appeals Court affirmed the conviction, rejecting all issues raised by Donald including ineffective assistance of counsel. *Commonwealth v. Donald,* 56 Mass.App.Ct. 1102, 2002 WL 31246493, at *6 (2002) (table opinion). Donald filed an application for further appellate review with the Supreme Judicial Court, in which again he claimed that his counsel was ineffective. Resp't Supplemental Answer, Ex. H. The Supreme Judicial Court denied his application. *Commonwealth v. Donald,* 438 Mass. 1104, 1104, 782 N.E.2d 515 (2003).

After his trial was completed, Donald several times filed motions for post-conviction relief and post-conviction discovery, all of which were denied. The first motion, filed in 2001, [Superior Court Proceedings, Doc. No. 100], was denied without prejudice [Superior Court Proceedings, Doc. No. 101]. A single justice of Supreme Judicial Court treated Donald's appeal as a petition for extraordinary relief under Massachusetts General Laws ch. 221, § 3 and denied it. Resp't Supplemental Answer, Ex. J. The full bench of the Supreme Judicial Court affirmed the decision of the single justice. *Donald v. Commonwealth,* 437 Mass. 1007, 1007, 770 N.E.2d 471 (2002).

The second motion, [Superior Court Proceedings, Doc. No. 224], filed by Donald's post-conviction counsel in 2005 and proposing the Y–Chromosome method for further DNA testing was denied. [Superior Court Proceedings, Doc. No. 238]. The Appeals Court affirmed, stating that the proposed method of DNA testing did not amount to newly discovered evidence and that the case against Donald was overwhelming. *Commonwealth v. Donald,* 66 Mass.App.Ct. 1110, 1110, 2006 WL 1543955 (2006). An application for further appellate review was denied. *Commonwealth v. Donald,* 447 Mass. 1106, 1106, 851 N.E.2d 1078 (2006).

Donald, acting *pro se,* renewed this motion in 2008 offering a "ProFiler Plus and CoFiler" DNA testing method. [Superior Court Proceedings, Doc. No. 277]. The motion was once again denied. [Superior Court Proceedings, Doc. No. 311]. In his appeal from this denial, Donald raised the following issues: whether the assistance of his post-conviction counsel who in 2005 proposed a "wrong" method of DNA testing without first consulting an expert was ineffective; whether the court should allow him to perform new "ProFiler Plus and CoFiler" DNA testing; and whether the Superior Court should, at the very least, hold an evidentiary hearing on his motion. *Commonwealth v. Donald,* 72 Mass.App. Ct. 1104, 2008 WL 2552966, at *1 (2008) (table opinion). The Appeals Court held that the claim for ineffective assistance of

---

1. Ground 2 presented in Donald's petition dealing with allegedly unconstitutional jury selection was unexhausted and voluntarily waived by Donald.

the post-conviction counsel was not properly before it, that the two other claims should be rejected, and that the decision of the Superior Court was correct. *Id.* The Supreme Judicial Court denied Donald's petition for further appellate review on the matter. *Commonwealth v. Donald,* 452 Mass. 1103, 1103, 893 N.E.2d 1237 (2008).

In 2006, Donald filed his first habeas petition with the District Court. *Stanley Donald v. Lois Russo,* No. 06–11416 (D.Mass.2006). This first petition was denied as unexhausted. *Stanley Donald v. Lois Russo,* No. 06–11416, [Doc. No. 29]. In 2008, Donald filed this second habeas petition presently before the Court. This Court first dismissed it as a "mixed" petition since one of the claims, a challenge to the venire, had not been exhausted in the courts of the Commonwealth. Electronic Order of Dismissal (May 21, 2009). Upon reconsideration, as Donald had moved in the alternative to waive any unexhausted claims, the judgment of dismissal was vacated and the case reinstated. Electronic Order Vacating J. of Dismissal (June 6, 2009).

## B. Facts

Donald was convicted based on the following facts: [2]

On Tuesday, October 21, 1997, leaving her apartment in Watertown, the victim was attacked by a black man at the garage floor of the building. The man rammed her to the ground, and smashed her face into the cement floor of the garage when she was trying to sit in her Honda Accord. The man asked for money, and when she said she didn't have the required cash with her, took her keys and ordered her into the car. While they rode he was threatening her and also recited Biblical passages and invoked the name of Jesus. He took her license and bank access card and asked for her password for the automated teller machine (ATM).

When they stopped, the man pulled the victim out of the car and smashed her on the side of the head. Then he ordered her to take off her clothes and lie on the ground with her legs in the air. He penetrated her vagina several times with his tongue and penis and drove away.

At 11:00 A.M., Foxborough police officers found the victim in a very disoriented condition. An ambulance transported her to the Southwood Hospital in Foxborough.

At 11:04 A.M., a $300 withdrawal was made from the victim's bank account at an ATM machine located on Chauncy Street in Mansfield, four miles from the scene of the rape. The transaction was recorded on videotape.

At 8:00 P.M., Brockton police discovered the victim's abandoned gray Honda Accord about twenty miles from the crime scene. At 5:30 A.M. the following morning, October 22, 1997, Nathaniel Young, while he was sweeping the area around Howard Street in Brockton, found a driver's license on the ground only about fifty yards from the location where the victim's car had been abandoned. The name on the license was "Stanley Donald," and the picture on the license depicted a black man.

Armed with this information, investigators tracked down Stanley Donald's employer, Educators' Publishing Service in Cambridge. In November of 1997, investigators showed the still images from the ATM transaction to the company president and to Stanley Donald's supervisor. They both identified the man depicted in the image as Stanley Donald. They also identified him at trial. At the time of the

---

**2.** The facts are taken from the Appeals Court decision *Commonwealth v. Donald,* 56 Mass. App.Ct. 1102, 2002 WL 31246493, at *1–4 (2002) (table opinion).

attack, Donald had been working steadily at the company for more than five months. He did not show up for work as scheduled on October 21, the day of the attack. He never showed up for work again and he never picked up his final paycheck.

On November 20, 1997, the victim went to the Watertown police station to view a photographic array. The victim selected a photograph of the defendant and said that it looked "very, very much like the person who assaulted me." The victim also identified Donald at trial.

On November 11, 1997, Detective Munger had a telephone conversation with the Donald's mother. She gave the police an envelope addressed to her in Dorchester, containing a one-page handwritten letter and a handwritten prayer. A handwriting expert and document examiner opined that all three documents were written by Donald. The envelope was postmarked from New York within three weeks of the attack. The letter read as follows:

Dear: Mom

I'm Okay, I really got to high and lost my mind, I'm not in jail. I got a new name, and a job, please forgive me mama, I'm still with Jesus, I go to church everyday now and there is (no drugs here) only me and the horse and cows.

Love/Stan

On the afternoon of the attack, chemist Robert Martin from the Massachusetts State Police collected the clothing that the victim wore when she had been raped. Later, he took a cutting from her underpants and submitted it to Cellmark Diagnostics for DNA testing, along with known samples of Donald's and the victim's blood. Cellmark compared the DNA profile of sperm samples extracted from the evidence with the DNA profile from the Donald's sample using the polymerase chain reaction DNA method. The result: the

frequency of this profile occurred in one in 7,800 African–Americans.

### C. Federal Jurisdiction

This Court may exercise jurisdiction over Donald's petition for habeas corpus, pursuant to 28 U.S.C. § 2254.

## II. ANALYSIS

### A. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The habeas corpus petition should be granted if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

*Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), explains that a state court decision is "contrary to" federal law clearly established by the Supreme Court if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court] precedent." *Id.* A decision of a state court that is "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to the Supreme Court cases satisfies the "contrary to" test. *Id.*

An unreasonable application of federal law is involved when the state

court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. The unreasonable application must be more than an erroneous one, and must be objectively unreasonable. *Id.* at 409–10, 120 S.Ct. 1495.

## B. Ineffective Assistance of Counsel

■ Donald claims that his trial counsel was constitutionally ineffective because he introduced in evidence his religious prayer, which the prosecution had declined to introduce. Pet'r Exs. in Supp. of Opp'n to Mot. to Dismiss, Ex. 1 [Doc. No. 33]. Donald argues that the introduction of the prayer helped the prosecution by raising prejudice in people who do not believe in "Jesus or religion."

Every individual has the right to effective assistance of counsel in defending against a criminal accusation. U.S. Const. art. VI; *Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 342–43, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A defendant's right to effective assistance of counsel is violated when counsel's performance was deficient and this prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

When the Appeals Court rejected Donald's ineffective assistance of counsel claim, it stated:

> The [petitioner] has not demonstrated that defense counsel was ineffective for introducing in evidence the prayer that accompanied the letter. This is not the kind of claim which can be assessed on appeal: counsel may have had a tactical reason for introducing the prayer. *See Commonwealth v. McCormick*, 48 Mass. App.Ct. 106, 106–107, 717 N.E.2d 1029 (1999). Even were we to consider the introduction of the prayer to be a poor tactical choice, the [petitioner] cannot show that the choice deprived him of an otherwise available, substantial defense. *See Commonwealth v. Saferian*, 366 Mass. 89, 96, 315 N.E.2d 878 (1974).

*Commonwealth v. Donald*, 56 Mass.App. Ct. 1102, 2002 WL 31246493, at *6 (2002) (table opinion). This determination is not contrary to the federal law clearly established by the Supreme Court. The Appeals Court applied the correct standard and decided that Donald failed to overcome the presumption that counsel's conduct constituted reasonable professional assistance and that in any event, he failed to show prejudice. This decision is not unreasonable. Donald's counsel could possibly have tactical reasons for introducing the prayer (e.g., to appeal to people who subscribe to Christian beliefs). Further, it was reasonable for that court to conclude that counsel's mistake did not cause prejudice. During the trial, ample evidence linked Donald to the crime (e.g., identification by the victim, Donald's drivers licence found fifty yards from the abandoned victim's car, the bank's surveillance video that showed Donald using the victim's stolen ATM card soon after the crime four miles from the location where it occurred, DNA evidence, and Donald's letter to his mother). *Commonwealth v. Donald*, 56 Mass. App.Ct. 1102, 2002 WL 31246493, at *2–4

(2002) (table opinion). Thus, even were it the case that introduction of the religious prayer helped the prosecution in some way, it is reasonable to conclude that it did not change the outcome of the case. Therefore, habeas relief on this ground must be denied.

## C. Ineffective assistance of post-conviction counsel

Donald claims that his post-conviction counsel was ineffective because when counsel filed a 2005 motion for post-conviction access to evidence for the purpose of retaking the DNA test, he did not obtain an expert opinion and proposed a less prevalent method of DNA testing (the "Y–Chromosome" method). [Superior Court Proceedings, Doc. No. 224]. Donald argues that because post-conviction counsel failed to propose an even newer DNA testing method (the "ProFiler Plus and CoFiler" method), the motion for post-conviction discovery was denied. [Superior Court Proceedings, Doc. No. 238], *aff'd, Commonwealth v. Donald*, 66 Mass.App.Ct. 1110, 1110, 2006 WL 1543955 (2006). Donald raised the claim of ineffective assistance of post-conviction counsel in his 2008 appeal from the order denying Donald's renewed motion for post conviction discovery. *Commonwealth v. Donald*, 72 Mass. App.Ct. 1104, 1104, 2008 WL 2552966 (2008). The Appeals Court stated that the claim was not properly before it. *Id.* The Supreme Judicial Court denied further appellate review. *Commonwealth v. Donald*, 452 Mass. 1103, 1103, 893 N.E.2d 1237 (2008).

Under the Sixth and Fourteenth amendments, a person has a right to the effective assistance of counsel during a criminal trial. *Williams*, 529 U.S. at 390–91, 120 S.Ct. 1495; *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. As a threshold matter, however, there is no clearly established federal law that a person has a right to effective assistance of post-conviction counsel. In any event, assuming without deciding that such a right exists, the denial of Donald's renewed motion for post-conviction discovery in 2008, which proposed a "correct" method for further DNA testing, shows that the alleged mistake in the 2005 filing did not change the outcome. Thus, habeas relief must be denied on this ground.

## D. Denial of post-conviction discovery and DNA testing

■ Donald argues that his due process rights were violated because he was denied post-conviction DNA retesting and access to rape kit. He alleges that a newer DNA testing method, the ProFiler Plus and Co-Filer method, as well as inspection of the rape kit can reveal exculpatory evidence.

The Superior Court denied all motions for post-conviction discovery filed by Donald. The first motion, filed in 2001, [Superior Court Proceedings, Doc. No. 100], was denied without prejudice, [Superior Court Proceedings, Doc. No. 101]. The second motion [Superior Court Proceedings, Doc. No. 224], proposing the Y–Chromosome method of DNA testing was denied [Superior Court Proceedings, Doc. No. 238], *aff'd, Commonwealth v. Donald*, 66 Mass. App.Ct. 1110, 1110, 2006 WL 1543955 (2006), *further appellate review denied, Commonwealth v. Donald*, 447 Mass. 1106, 1106, 851 N.E.2d 1078 (2006). Donald renewed the motion in 2008, Superior Court Proceedings, Doc. No. 277, proposing the ProFiler Plus and CoFiler DNA testing method. The motion was once again denied. [Superior Court Proceedings, Doc. No. 311], *aff'd, Commonwealth v. Donald*, 72 Mass.App.Ct. 1104, 1104, 2008 WL 2552966 (2008), *further appellate relief denied, Commonwealth v. Donald*, 452 Mass. 1103, 1103, 893 N.E.2d 1237 (2008).

■ Donald's right to discovery and access to exculpatory evidence during the criminal trial is well recognized. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Right to post-conviction discovery is limited, however, because "a criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *District Attorney's Office for the Third District v. Osborne*, —— U.S. ——, 129 S.Ct. 2308, 2320, 174 L.Ed.2d 38 (2009).[3] A state's post-conviction discovery procedures will be upset only if they are fundamentally inadequate to vindicate the substantive rights provided. *Id.*

Furthermore, the Supreme Court recognized that there is no free standing substantive due process right to DNA testing. *Id.* at 2322. The cases cited by Donald do not establish such a right. *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (discussing duty of the prosecution voluntarily to disclose all exculpatory evidence during the trial); *Wade v. Brady*, 612 F.Supp.2d 90, 101 (D.Mass. 2009) (Gertner, J.) (suggesting that appropriate standard for post-conviction DNA testing is *Osborne* standard).

■ Under Massachusetts law, post-conviction discovery may be allowed, in the discretion of the trial judge, when a *prima facie* case for post conviction relief is established. Mass. R.Crim. P. 30(c)(4). A defendant seeking a new trial on the basis of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction. *See Commonwealth v. Pike*, 431 Mass. 212, 218, 726 N.E.2d 940 (2000). Like Alaska's law on the matter, which was analyzed in *Os-*

*borne*, Massachusetts procedure for post-conviction discovery is similar to the federal criminal rules and is not inconsistent with "traditions and conscience of our people" or with "any recognized principle of fundamental fairness." *Osborne*, 129 S.Ct. at 2321. Thus, the Massachusetts criminal rules are not fundamentally inadequate.

Donald's 2005 motion for post-conviction discovery was denied for the reason that the new method of DNA testing proposed by Donald, the Y–Chromosome method, did not constitute newly discovered evidence and that the evidence presented by the Commonwealth at trial was overwhelming. [Superior Court Proceedings, Doc. No. 238], *aff'd, Commonwealth v. Donald*, 66 Mass.App.Ct. 1110, 1110, 848 N.E.2d 447 (2006). Donald's 2008 motion for post-conviction discovery raised similar questions with one difference—it proposed an even newer method of DNA testing, the ProFiler Plus and CoFiler method. The motion was similarly denied. [Superior Court Proceedings, Doc. No. 311], *aff'd, Commonwealth v. Donald*, 72 Mass.App. Ct. 1104, 1104, 2008 WL 2552966 (2008). The record is silent as to whether the courts of the Commonwealth considered the ProFiler Plus and CoFiler method to be "new" and not available at trial. Even if it were, however, in light of the overwhelming evidence presented by the Commonwealth at trial and the discretionary standard for allowing post-conviction discovery, the decision here was not fundamentally inadequate.

Because there is no free standing right to DNA testing and because both the Massachusetts rules for post conviction discovery and their application in Donald's were

---

3. The *Osborne* case was decided in 2009 after the completion of Donald's trial. It is applicable, however, because it shows that there was no clearly established federal require-

ment providing for a right to DNA testing and unlimited post-conviction discovery at the time of Donald's trial.

not fundamentally inadequate, there is no violation of federal law.

Donald brings this Court's attention to *Commonwealth v. Hernandez*, 50 Mass. App.Ct. 1109, 1109, 2000 WL 1807319 (2000), where the court reversed a denial of a motion for post-conviction DNA testing. Unfortunately, in that case the Appeals Court did not explain its reasons for granting such relief, and therefore, this Court cannot evaluate how similar or different that case was from the situation now before it. The nature of the habeas relief, however, dictates that only actions of the state court in the case under consideration are important. The habeas corpus petition should be granted only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Massachusetts Appeals Court might well have had reasons to reverse the denial of the motion for post-conviction DNA testing in *Hernandez.* More important is that the actions of the Commonwealth's courts in Donald's case did not involve a violation or unreasonable application of federal law, as discussed *supra.* Thus, habeas relief must be denied on this ground.

### E. Denial of motion for post-conviction discovery without evidentiary hearing

Finally, Donald argues that his due process rights were violated because his 2005 and 2008 motions for post-conviction discovery were denied without evidentiary hearings. [Superior Court Proceedings, Doc. Nos. 238, 311]. Donald claims that affidavits in support of both motions raised issues sufficiently substantial to justify an evidentiary hearing. Donald raised these issues in his appeals, but the Appeals Court both times ruled that the trial

court's actions were correct. *Commonwealth v. Donald,* 66 Mass.App.Ct. 1110, 1110, 2006 WL 1543955 (2006), *further appellate review denied, Commonwealth v. Donald,* 447 Mass. 1106, 1106, 851 N.E.2d 1078 (2006); *Commonwealth v. Donald,* 72 Mass.App.Ct. 1104, 1104, 2008 WL 2552966 (2008), *further appellate relief denied, Commonwealth v. Donald,* 452 Mass. 1103, 893 N.E.2d 1237 (2008).

■ As presented, Donald's claim alleges violations of the Massachusetts criminal procedure, not federal law. It is not the mandate of a federal habeas court to reexamine state court determinations of state law questions. *Lewis v. Jeffers,* 497 U.S. 764, 778–81, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). The Superior Court followed the Commonwealth's procedural rules in deciding whether to grant an evidentiary hearing on the motion. Its decision was upheld by the Appeals Court. Donald, therefore, has no basis for the relief.

Donald cites cases that discuss a court's duty to enquire when a defendant's counsel possibly has a conflict of interest for the proposition that evidentiary hearing ought to be granted here. *United States v. Levy,* 25 F.3d 146 (2d Cir.1994); *United States v. Aiello,* 814 F.2d 109 (2d Cir.1987). Reliance on such authority is misplaced. These cases hold that the Sixth Amendment right to effective counsel is threatened where a defendant's counsel has a conflict of interest and that a habeas petition stating a viable claim for such violation is inappropriate for summary dismissal. *Levy,* 25 F.3d at 153; *Aiello,* 814 F.2d at 113. Donald's petition does not bring up such a concern. Habeas relief must be denied on this ground.

### III. CONCLUSION

As explained above, the decisions of the courts of the Commonwealth in Donald's case were not contrary to, nor did they

involved an unreasonable application of, federal law clearly established by the Supreme Court. Therefore Donald's petition for habeas corpus relief is DENIED.

SO ORDERED.