NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12211

PAULO TAVARES  vs.  COMMONWEALTH.


February 5, 2018.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Discovery, Postconviction
     relief, Capital case.


Paulo Tavares appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3.  We affirm the judgment.

Tavares has been convicted by a jury of murder in the first degree and other offenses.  Before trial, Tavares successfully moved to suppress evidence of surreptitiously recorded conversations between him and a confidential informant.  We affirmed the suppression order on the Commonwealth's interlocutory appeal.  Commonwealth v. Tavares, 459 Mass. 289, 303 (2011).  After he was convicted, Tavares moved for a new trial and for postconviction discovery of copies or transcripts of the recorded conversations.[1]  The trial judge denied both motions.  Tavares's appeal from his convictions and from the denial of his posttrial motions is pending in this court and has not yet been briefed.  In his G. L. c. 211, § 3, petition, Tavares sought relief from the denial of his motion for

_____

[1] The Commonwealth represents that it produced copies of the recorded conversations prior to trial.  It appears, however, that the recordings are not available to Tavares or his counsel.  Although the Commonwealth is under no obligation to produce any postconviction discovery unless it is ordered to do so under Mass. R. Crim. P. 30 (c) (4), as appearing in 435 Mass. 1501 (2001), it is difficult to see any harm to the Commonwealth in producing a new copy of material it previously produced.

postconviction discovery.  A single justice of this court denied the petition as well as a subsequent motion for reconsideration.

"[R]elief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had an adequate and effective avenue to seek and obtain the requested relief other than G. L. c. 211, § 3."  Donald v. Commonwealth, 437 Mass. 1007, 1007 (2002), quoting Hunt v. McKendry, 434 Mass. 1025, 1026 (2001).  "An established route for the petitioner to obtain appellate review of the denial of his motion for postconviction discovery would be in connection with an appeal from the denial of his motion for a new trial . . . ."  Donald, supra.  We regularly address postconviction discovery issues in connection with such appeals.  See, e.g., Commonwealth v. Morgan, 453 Mass. 54, 61-64 (2009); Commonwealth v. Martinez, 437 Mass. 84, 97-98 (2002); Commonwealth v. Stewart, 383 Mass. 253, 261 (1981).  Tavares has not carried his burden of "demonstrat[ing] the absence or inadequacy of other remedies."  Callahan v. Superior Court Dep't of the Trial Court, 432 Mass. 1023, 1023 (2000).  The single justice did not err or abuse her discretion by denying relief under G. L. c. 211, § 3.

Judgment affirmed.

Janet Hetherwick Pumphrey for the petitioner.
Carolyn A. Burbine, Assistant District Attorney, for the Commonwealth.