NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12338


COMMONWEALTH  vs.  ADNAN TAHLIL.


April 18, 2018.


Practice, Criminal, Discovery, Interlocutory appeal.  Evidence,
     Videotape.  Constitutional Law, Self-incrimination.
     Attorney at Law, Use of confidence or secret.


     The Commonwealth appeals from a judgment of a single
justice of the county court denying its petition for relief
pursuant to G. L. c. 211, § 3, from an interlocutory ruling of
the Boston Municipal Court Department.  We reverse.

     The defendant, Adnan Tahlil, has been charged in the Boston
Municipal Court Department with larceny from a person, in
violation of G. L. c. 266, § 30; assault and battery, in
violation of G. L. c. 265, § 13A; assault and battery by means
of a dangerous weapon, in violation of G. L. c. 265, § 15A (b);
and receiving stolen property, in violation of G. L. c. 266,
§ 60.  The charges stem from an incident that occurred on May
18, 2013, during which several individuals assaulted and robbed
the victim.  Shortly thereafter, someone used the victim's
Citizens' Bank card at a Tedeschi market.  The police obtained a
digital video disc (DVD) containing surveillance video from the
market.  The victim viewed the DVD at the police station and
identified the defendant and two other individuals as three of
the four assailants.

     During the course of discovery, the Commonwealth provided
the defendant with a copy of the DVD.  It appears that defense
counsel was unable to open and view the DVD and ultimately
viewed the video footage at the district attorney's office.  As
the trial date approached, the Commonwealth was unable to locate
its own copy of the DVD.  On the day before the scheduled trial,

the Commonwealth moved for an order requiring the defendant to return to the Commonwealth a copy of the DVD for the Commonwealth's use at trial.[1]  The trial judge denied the motion. The Commonwealth then filed its G. L. c. 211, § 3, petition, which a single justice denied without a hearing.

In its appeal to this court, the Commonwealth argues that the trial judge's decision to deny its motion was clearly erroneous.  We agree.  No reasonable basis exists for the defendant's refusal to return to the Commonwealth a copy of the very thing that the Commonwealth gave to him.  The defendant does not deny that he has the item.  His main argument is that requiring him to provide the Commonwealth with a copy of the DVD would violate his right against self-incrimination.  Providing a copy of the DVD to the Commonwealth, however, would not be an incriminating admission; it would not be an admission that any of the individuals who appear in the video is the defendant or that the individuals in the video are engaged in a criminal act. It would merely be the act of the defendant returning to the Commonwealth a copy of something that the Commonwealth provided to him in the first place.  At most it would be an admission that the defendant has in his possession the item the Commonwealth gave to him, which, at least in the circumstances of this case, would not be incriminating.[2,3]  There is no basis for the defendant's self-incrimination argument.

---

[1] The Commonwealth noted in its G. L. c. 211, § 3, petition, that there was some question whether the Commonwealth had given the defendant the original DVD that the Commonwealth received from the Boston police department.  The defendant has apparently refused to allow the Commonwealth to view the DVD to allow the Commonwealth to determine whether it is the original.  There is no indication whether the DVD in the defendant's possession is the one that the defendant previously tried to view (before he viewed the video surveillance footage at the district attorney's office).

[2] By the defendant's reasoning, a defendant shown a document during an interview could simply keep the document and refuse to hand it back on the ground that doing so would incriminate him.

[3] The defendant suggests that the fact that the evidence was once in the Commonwealth's possession is "irrelevant to the [c]onstitutional considerations at stake."  Rather, it is exactly this point -- that the evidence was once in the Commonwealth's possession, and that the Commonwealth gave it to the defendant -- that is relevant and dispositive.

Defendant's counsel also argues that if he provides the Commonwealth a copy of the DVD, he will be violating Mass. R. Prof. C. 1.6 (a), as appearing in 471 Mass. 1323 (2015). That rule provides, in relevant part, that "[a] lawyer shall not reveal confidential information relating to the representation of a client unless the client gives informed consent." Id. The DVD, however, is not confidential information within the meaning of the rule. It is, again, information that the Commonwealth provided to the defendant in the first place. In returning the DVD to the Commonwealth, defense counsel will not be "revealing" any information to the Commonwealth that the Commonwealth has not already seen and does not already know.

There seems to be no dispute that the video footage will, as the judge noted, "strengthen[] or even solidf[y]" the Commonwealth's case. The Commonwealth, not unreasonably, does not want to proceed to trial without it; nor should it have to. That the Commonwealth has some still photographs (from the DVD) and witnesses available to testify does not resolve whether the defendant should return to the Commonwealth a copy of the DVD. The trial judge's reliance on this as a factor in her decision to deny the Commonwealth's motion was misplaced. So too was her reliance on the fact that the Commonwealth filed its motion to compel the day before trial was set to commence. Providing a copy of the DVD is no hardship to the defendant and would not have delayed the trial.[4]

Finally, we find no merit to defense counsel's argument that the defendant should not be required to provide a copy of the DVD for the Commonwealth's use at trial because that would require testimony of defense counsel to establish chain of custody (and would thus likely disqualify counsel from representing the defendant). This is not a meaningful chain of custody concern. Chain of custody is just one manner of authenticating evidence. A witness who had viewed the DVD before it was provided to defense counsel could authenticate the DVD, as could any number of employees of the market.

In the circumstances of this case, the Commonwealth's use of G. L. c. 211, § 3, was proper. The Commonwealth has no other remedy, the judge's decision was clearly in error, and the

_____

[4] Although it might have behooved the Commonwealth to ask for the DVD sooner than it did, in the circumstances, the alleged "lateness" of the request is not a basis for denying it.

ruling materially affected the strength of the Commonwealth's case.  See, e.g., Commonwealth v. Jordan, 464 Mass. 1004, 1004 (2012) (Commonwealth satisfied burden of demonstrating case presented extraordinary circumstances compelling exercise of this court's superintendence power).  Contrast Tavares v. Commonwealth, 478 Mass. 1024, 1024 (2018) (trial court denied defendant's motion for postconviction discovery, filed in connection with motion for new trial, of evidence that Commonwealth had previously produced; defendant's use of G. L. c. 211, § 3, to seek relief from that ruling not proper because defendant could appeal from denial of motion for new trial, an adequate alternative remedy).

The case is remanded to the county court for entry of judgment requiring the defendant to return to the Commonwealth a copy of the DVD, the very item that the Commonwealth provided to the defendant in the course of pretrial discovery.

So ordered.


John P. Zanini, Assistant District Attorney (Alyssa B. Tochka, Assistant District Attorney, also present) for the Commonwealth.
C. Alex Hahn (Jeffrey R. Chapdelaine also present) for the defendant.