NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12506

ANTHONY J. DEW  vs.  COMMONWEALTH.

October 30, 2018.

Supreme Judicial Court, Superintendence of inferior courts.

Anthony Dew pleaded guilty in the Superior Court to
multiple counts of trafficking of a person for sexual servitude,
in violation of G. L. c. 265, § 50 (a); assault and battery with
a dangerous weapon, in violation of G. L. c. 265, § 15A (b);
drug distribution, in violation of G. L. c. 94C, §§ 32 (a) and
32A (a); and other charges.  He subsequently filed a motion for
a new trial, seeking to withdraw his pleas.  In connection with
that motion, he filed several additional motions seeking
postconviction discovery, appointment of counsel, judicial
notice, and a writ of habeas corpus ad testificandum, all of
which were denied.  He then filed a petition in the county court
for relief under G. L. c. 211, § 3, seeking review of the
Superior Court judge's orders on the latter motions.  A single
justice of this court denied the petition without a hearing.
Dew appeals.  We affirm.

Our power of general superintendence under G. L. c. 211,
§ 3, is reserved for extraordinary circumstances, where a
petitioner demonstrates both a substantial violation of a
substantive right and the absence of an adequate alternative
remedy.  See Watson v. Walker, 447 Mass. 1014, 1014 (2006).
Relief is properly denied where, as here, the petitioner has an
adequate alternative avenue to seek review.  See Tavares v.
Commonwealth, 478 Mass. 1024, 1024 (2018).  "An established
route for the petitioner to obtain appellate review of the
denial of his motion for postconviction discovery [and the other
motions ancillary to his motion for a new trial] would be in

connection with an appeal from the denial of his motion for a new trial." <u>Donald</u> v. <u>Commonwealth</u>, 437 Mass. 1007, 1007 (2002).[1]  The single justice therefore neither erred nor abused his discretion in denying the petition under G. L. c. 211, § 3.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.
<u>Anthony J. Dew</u>, pro se.

---

[1] After the single justice of this court denied Dew's G. L. c. 211, § 3, petition, a judge of the Superior Court denied his motion for a new trial.  Dew has appealed from that ruling, and his appeal is currently pending in the Appeals Court.  He can raise all of his claims in that appeal.