NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-97                                            Appeals Court

COMMONWEALTH  vs.  BRIAN VINES.[1]

No. 18-P-97.

Plymouth.     November 7, 2018. - January 11, 2019.

Present:  Agnes, Blake, & Neyman, JJ.


Jury and Jurors.  Practice, Criminal, Jury and jurors,
     Postconviction relief, Interlocutory appeal, New trial.



Indictments found and returned in the Superior Court
Department on December 15, 2015.

The cases were tried before Cornelius J. Moriarty, II, J.,
a motion for the release of juror information was heard by him,
and a motion for reconsideration was considered by him.


Paul C. Brennan for the defendant.
Gail M. McKenna, Assistant District Attorney, for the
Commonwealth.


BLAKE, J.  Following his convictions[2] by a jury in the

Superior Court, the defendant, Brian Vines, filed a notice of

_____

[1] Also known as Brian K. Davis.

[2] After a trial by jury, the defendant was convicted of
armed assault with intent to rob a person older than sixty

appeal and, subsequently, a series of motions seeking, inter alia, certain information about the jurors seated in his trial, for use in support of a motion for postconviction relief.  In his first motion, the defendant sought the names, addresses, and dates of birth of the jurors.  The motion was allowed as to the names of the jurors only.[3]  Approximately five months later, a different attorney filed what he captioned a "Renewed Motion of the Defendant for the Release of Juror Information" seeking the same information as the first motion.  After the Commonwealth filed its opposition, the defendant filed a reply memorandum clarifying that he was seeking the addresses and the dates of birth of the jurors that were seated in his case based on the list of jurors in the venire who appeared for jury selection at that time of his trial.  After a hearing, the motion was denied and the defendant noticed an appeal from the order.  The defendant then filed a motion for reconsideration, which was denied, and he also appealed from that order.[4]

---

years, assault and battery on an elderly or disabled person causing serious bodily injury, armed robbery, and aggravated assault and battery by means of a dangerous weapon.  After a jury-waived trial, the defendant was convicted as a habitual offender on the four indictments.

[3] The judge acting on all posttrial motions was also the trial judge.

[4] The defendant's direct appeal has been vacated without prejudice to reentry after disposition of this appeal and the conclusion of any other posttrial motions.

The defendant claims that the judge abused his discretion in denying the motions, and that the orders, in essence, were orders of impoundment not supported by good cause.  At oral argument before this court, the Commonwealth raised for the first time the question whether these orders are interlocutory and therefore not immediately appealable.[5]  If so, then we are without subject matter jurisdiction and the appeal must be dismissed.  See Commonwealth v. Swist, 38 Mass. App. Ct. 907, 908-909 (1995), cert. denied, 516 U.S. 886 (1995) (appeal dismissed for lack of subject matter jurisdiction on review of interlocutory order).  For the reasons that follow, we conclude that a postconviction motion for juror information is in the nature of a request for postconviction discovery related to a motion for new trial, and therefore interlocutory and not appealable until a motion for new trial has been filed and decided in the trial court.  Accordingly, we dismiss the appeal.

Discussion.  The defendant claims that he needs the juror information in order to contact the seated jurors pursuant to the procedures set forth in Commonwealth v. Moore, 474 Mass.

---

[5] Because "[s]ubject matter jurisdiction cannot be conferred by consent, conduct or waiver," it may be raised for the first time on appeal.  Litton Business Sys. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981), citing Second Bank-State St. Trust Co. v. Linsley, 341 Mass. 113, 116 (1960).

541, 551-552 (2016).  His stated grounds are that he is in possession of correspondence from a seated juror that raises questions whether there were extraneous influences from pretrial publicity that may have had an impact on individual jurors.  The defendant moved for, and was granted, a stay of his direct appeal in order to pursue the issue whether extensive pretrial publicity provided grounds for a new trial.[6]

While there are no cases that explicitly address the nature of the motions before us, we look for guidance to those cases involving a request for postconviction discovery because the defendant's motion seeks information that may be material and relevant to a motion for new trial.  See Mass. R. Crim. P. 30 (c) (4), as appearing in 435 Mass. 1501 (2001); Mass. G. Evid. § 606 (2018).  "The purpose of postconviction discovery is to allow a defendant to gather evidence to support an apparently meritorious claim . . . [where] the evidence that can be adduced to support the claim is unknown to the court" (quotations omitted).  Commonwealth v. Ware, 471 Mass. 85, 94 (2015), quoting Commonwealth v. Daniels, 445 Mass. 392, 406 (2005).  See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 693 (2012), quoting Daniels, supra at 407 (judge may order postverdict discovery if defendant makes "a sufficient showing that the

_____

[6] Subsequently, the appeal was dismissed.  See note 4.

discovery is reasonably likely to uncover evidence that might warrant granting a new trial").  Although not every meritorious claim entitles a defendant to a new trial, the defendant's attempt here to gather the evidence that may enable him to make the necessary showing is comparable to a postconviction discovery request.[7]  See Commonwealth v. DiCicco, 470 Mass. 720, 736, 739 (2015) (order denying new trial affirmed where newly discovered deoxyribonucleic acid [DNA] evidence would not have cast meaningful doubt on verdict); Commonwealth v. Morgan, 453 Mass. 54, 63 (2009) (order denying new trial affirmed where defendant merely speculated that DNA evidence at trial was inaccurate).[8]

---

[7] When requesting postconviction discovery, a defendant by affidavit "must make a sufficient showing that the discovery is reasonably likely to uncover evidence that might warrant granting a new trial."  Daniels, 445 Mass. at 407.  See Commonwealth v. Morgan, 453 Mass. 54, 62 (2009) (allegations should be specific and show how requested discovery might yield evidence important to jury in their deliberations and conclusions); Commonwealth v. Martinez, 437 Mass. 84, 97 (2002) (affidavit must establish prima facie case for relief for judge to authorize postconviction discovery).

[8] By statute, orders denying motions for postconviction access to forensic and scientific analysis, are "final and appealable."  See G. L. c. 278A, § 18.  These are fundamentally distinct from the nature of the motions before us.  General Laws c. 278A was enacted in 2012 as a result of significant changes and advancements in the field of DNA evidence.  St. 2012, c. 38.  See Commonwealth v. Donald, 468 Mass. 37, 46 (2014) ("the Legislature clearly intended to allow access to more sophisticated forensic and scientific tests than were available at the time of a moving party's trial").  In Commonwealth v. Wade, 467 Mass. 496, 505 (2014), the Supreme Judicial Court held

Generally speaking "discovery orders are interlocutory." Cronin v. Strayer, 392 Mass. 525, 528 (1984)  See Black's Law Dictionary 1271 (10th ed. 2014) (defining interlocutory order as "[a]n order that relates to some intermediate matter in the case; any order other than a final order").  "[A]n aggrieved litigant cannot as a matter of right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it."  Ruggiero v. Giamarco, 73 Mass. App. Ct. 743, 746 (2009), quoting Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 673-674 (2008).  This is because interlocutory orders are not "final orders" (quotations and citation omitted), Brum v. Dartmouth, 428 Mass. 684, 687 (1999), and finality is important to prevent piecemeal litigation causing delay and wasting judicial efforts on questions that may turn out to be unimportant.  Borman v. Borman, 378 Mass. 775, 779 (1979), citing Vincent v. Plecker, 319 Mass. 560, 564 n.1 (1946).  There are "limited exceptions to this rule" of finality not relevant here.  Ruggiero, supra.  Accordingly, this court is bound by the "general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the

---

that such a motion "is conceived as separate from the trial process and any postconviction proceedings challenging the underlying conviction."  Here, the defendant's motions are not related to scientific evidence and therefore are not comparable to a final and appealable order pursuant to G. L. c. 278A.

interest of parties litigant and the general public . . . that . . . [interlocutory rulings] will not be considered until the case is ripe for final judgment."  Pollack v. Kelly, 372 Mass. 469, 470-471 (1977), quoting Weil v. Boston Elevated Ry., 216 Mass. 545, 549 (1914).  Cf. Patel v. Martin, 481 Mass. 29, 36 (2018) (no right to immediate appeal from a civil discovery order under doctrine of present execution).

The same aversion to appellate review of interlocutory orders applies where an interlocutory order concerns a postconviction ruling.  See Scott v. Commonwealth, 479 Mass. 1034, 1035 (2018) (affirming order denying G. L. c. 211, § 3, petition that sought review of order denying postconviction access to confidential juror questionnaires).  And, importantly, rule 30, the rule governing both postconviction relief and discovery related to postconviction relief, authorizes an appeal from only "a final order."  Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001).  The "final" order contemplated by rule 30 (c) (8) is an order granting or denying postconviction relief.  See Tavares v. Commonwealth, 478 Mass. 1024, 1024-1025 (2018) (order denying motion for postconviction discovery properly challenged in connection with appeal from order denying motion for new trial); Celester v. Commonwealth, 440 Mass. 1035, 1036 (2004) (because order denying request for funds was interlocutory, defendant may challenge it in context

of appeal from order denying motion for new trial); Donald v. Commonwealth, 437 Mass. 1007, 1007 (2002) ("established route for the [defendant] to obtain appellate review of the denial of his motion for postconviction discovery would be in connection with an appeal from the denial of his motion for a new trial" authorized by Mass. R. Crim. P. 30 [c] [8]).

Thus, without addressing the viability of the defendant's motion, the defendant is not without a remedy. In the ordinary course, the defendant may pursue his motion in conjunction with a motion for new trial. See Commonwealth v. Murphy, 86 Mass. App. Ct. 118, 121 n.6 (2014) ("A motion for new trial is the recognized route for raising postverdict claims because it permits a clarified record to serve as a basis for the judge's decision and for appellate review"). Should the defendant be able to obtain a new trial with the information currently in his possession, the requested postconviction discovery (and this appellate litigation) will be unnecessary. If, however, the motion for new trial is denied, the defendant may appeal that order and challenge in that appeal the order denying his motion for juror information. Where, as here, the defendant's direct appeal has not been decided, he may also seek to consolidate his direct appeal and the ruling on his motion for new trial, as well as the rulings on the motions at issue here. See Commonwealth v. Erdely, 430 Mass. 149, 154 (1999). That he has

received correspondence from a seated juror does not change the character of what he seeks, i.e., postconviction discovery in support of an anticipated motion for new trial.

We pause to note that a properly filed motion for juror information requires a judge to conduct a two-step analysis. General Laws c. 234A, § 67, requires that a list of all jurors summonsed to jury service be available for inspection by the parties, counsel, their agents, and members of the public. See Commonwealth v. Fujita, 470 Mass. 484, 487 (2015). Such lists are public records and may only be impounded if a judge finds good cause exists for impoundment.[9] Id. at 489. Attorney-initiated postverdict contact with jurors is no longer prohibited. Moore, 474 Mass. at 544. Indeed, the Supreme Judicial Court set out a protocol for attorneys and judges to follow in considering requests for juror information. Id. at 551-552. Here, we observe that the judge may have conflated these two separate and distinct procedures. While we do not reach the merits of the issue, we caution that upon any subsequently filed motion, a two-step analysis is required.

Appeal dismissed.

---

[9] Because the defendant's argument that the order denying the release of juror information is tantamount to an order of impoundment is not properly before us, we need not reach that question.