NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-524

COMMONWEALTH

vs.

ARMEN AGABALIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted of multiple sex offenses involving his then under-age stepdaughter; his convictions were affirmed on appeal.  See Commonwealth v. Agabalian, 97 Mass. App. Ct. 1125 (2020).[1]  Thereafter, the defendant filed a pro se motion for new trial alleging the ineffective assistance of counsel without a supporting affidavit or other evidence.  He also filed a motion for funds to prepare and present a motion for new trial.  Approximately five weeks later, the defendant filed a request that he be appointed counsel.  The motion judge,

_____

[1] The Supreme Judicial Court denied further appellate review.  See 486 Mass. 1101 (2020).

who was also the trial judge, denied the motions and request for counsel without a hearing.  This appeal followed.[2]  We affirm.

The defendant claims that the judge abused her discretion in denying his motions and request for appointed counsel.  In response, the Commonwealth asserts that we should decline to review the orders at issue because the defendant's arguments are not developed, do not contain citations to the record, and contain bald assertions of error that are not supported by the record.  While it is true that the defendant's brief is not a model of clarity and does not comply with Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019), we nonetheless exercise our discretion to consider his claims.

Motion for new trial.  We review the denial of a motion for a new trial for "'a significant error of law or other abuse of discretion,' granting 'special deference' to the rulings of a motion judge who, like the judge here, also presided at trial" (citations omitted).  Commonwealth v. Bonnett, 472 Mass. 827, 833 (2015), S.C., 482 Mass. 838 (2019).  Where the defendant claims ineffective assistance of counsel, a new trial is

---

[2] The defendant properly seeks review of the rulings on his postconviction requests for funds and appointment of counsel through his appeal from the order denying his motion for a new trial.  See Commonwealth v. Vines, 94 Mass. App. Ct. 690, 693-694 (2019) (order denying motion for new trial is final appealable order).  See also Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001).

warranted only if the defendant shows that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

The defendant argues that trial counsel should have hired a private investigator to interview six unidentified prospective witnesses and a medical witness to testify to his English proficiency and possible intoxication.  However, the defendant's motion failed to include a supporting affidavit and his brief does not cite to any aspect of the record to support his claims.  Put differently, the defendant's submissions are inadequate to "cast doubt on the issue[s]" raised (citation omitted).  Commonwealth v. Lys, 481 Mass. 1, 5 (2018).  And the judge did not abuse her discretion in deciding the motion without an evidentiary hearing where the motion failed to raise a substantial issue whether better work by trial counsel would have accomplished a different result.  See Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004).  The defendant did not meet his burden.

3

Motion for funds and request for counsel.  Because we conclude that the judge did not abuse her discretion in denying the defendant's motion for new trial, any issue regarding the denial of the defendant's motion for funds and request for counsel is moot.[3]

Order denying motion for new trial affirmed.

By the Court (Blake, Walsh & Hodgens, JJ.[4]),

*Paul Little*

Clerk

Entered:  October 23, 2024.

---

[3] We note that the Committee for Public Counsel Services declined to represent the defendant in connection with his motion for a new trial.  Moreover, he is not entitled to the appointment of counsel for such a motion.  See Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012), cert. denied, 571 U.S. 872 (2013).

[4] The panelists are listed in order of seniority.

4